Argued September 8, peremptory writ allowed October 12,
petition for rehearing denied November 22, 1966

## STATE ex rel CARROLL v. REDDING

418 P. 2d 846

*James B. O'Hanlon,* Portland, argued the cause for plaintiff. With him on the briefs were Mautz, Souther, Spaulding, Kinsey & Williamson, and Thomas M. Triplett, Portland.

*Philip A. Levin,* Portland, argued the cause for defendant. With him on the brief were Pozzi, Levin & Wilson, Portland.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

HOLMAN, J.

Plaintiff-relator (relator) is the defendant in an action brought by one Smith. Relator filed a motion to quash the service of summons in that action which the defendant, as judge of the circuit court, overruled. Relator then petitioned this court for the issuance of an alternative writ of mandamus directing defendant to quash the service of summons or to show cause why he had not done so. This court accepted jurisdiction and issued the alternative writ to which defendant answered and relator in turn replied, thus putting at issue the effectiveness of the service in the original case.

Relator and Smith were involved in an automobile accident in Multnomah County. Smith thereafter filed an action for damages and presented the court with a motion and affidavit for an order authorizing him to serve relator by serving the Director of Motor Vehicles pursuant to the provisions of ORS 15.190(3).

The order issued and service was made on the Director as requested. It is the validity of this service which is in question.

ORS 15.190(3) provides as follows:

"When service of the summons or process cannot be made as prescribed in ORS 15.080, *and the defendant after due diligence cannot be found within the state, and that fact appears by affidavit* to the satisfaction of the court or judge thereof or the judge described in subsection (3) of ORS 15.120, service may be made by leaving a copy of the summons or process, with a fee of $2, in the hands of the Director of the Department of Motor Vehicles or in his office. Such service shall be sufficient and valid personal service upon said person or foreign corporation;  *  *  *" (Emphasis added.)

Relator's principal contention is that Smith's affidavit is insufficient in that it did not, as a prerequisite to service on the Director, show due diligence in attempting to locate relator within the state. The affidavit was as follows:

"I, HAROLD E. BURKE, being first duly sworn, depose and say:

"That I am one of the attorneys for the plaintiff in the above-entitled cause; that in attempting to locate the above named defendant, I was advised that the defendant was presently residing in Reno, Nevada, with the address of 500 Denslowe Drive, Reno, Nevada, said advise (sic) being rendered to me by his business associates in Portland, Oregon; that said defendant .(sic) last known address in Portland, Oregon, was 3443 SE 31st Avenue, Portland, Oregon. That I make this affidavit in support of a motion for an order permitting service upon the defendant by serving the Director of the Department of Motor Vehicles for the State of Oregon."

■ The affidavit must contain positive averments of probative or evidentiary facts from which the judge issuing the order for substituted service can find that the due diligence required by the statute has been exercised. *Ashford v. Ashford,* 201 Or 206, 214-215, 249 P2d 968, 268 P2d 382 (1954). *In re Estate of Meyers,* 197 Or 520, 535, 254 P2d 227 (1953), concurring opinion of BRAND, J.; *Felts v. Boyer,* 73 Or 83, 90-91, 144 P 420 (1914).

■ The sole fact alleged is that affiant was informed by business associates of relator that relator was, at the time of the inquiry, residing at a certain address in Nevada. Assuming the inquiry was sufficient, the affidavit does not say when the inquiry was made. There is nothing from which the court could conclude that the information was received recently enough that a diligent person would be justified in relying on it at the time of the issuance of the order authorizing service upon the Director. The accident occurred almost two years prior to the presenting of the affidavit to the court and the information could have been secured from the business associates of relator at any time during that period. In *Laughlin v. Hughes et al,* 161 Or 295, 89 P2d 568 (1939), an affidavit was filed reciting efforts to locate a defendant within the state as a prerequisite to an order for publication of summons. It alleged an attempt to locate defendant at certain addresses where affiant was informed defendant might be located. This court made the following relevant statement at page 302 concerning the time the calls were made by affiant at the addresses in question:

> "* * * The mere fact that affiant had called at the places where defendant had resided and had not found defendant there *without stating*

*when such calls were made,* or that they were made at a time when ordinarily defendant would be at home, does not disclose such diligence as to support service by publication." (Emphasis added.)

■ This is a direct attack on the sufficiency of the service of summons. A more strict compliance with the statutory requirements is necessary than in the case of a collateral attack. *Ashford v. Ashford,* supra at page 218; *Moore Realty Co. v. Carr,* 61 Or 34, 37, 120 P 742 (1912); *Pike v. Kennedy,* 15 Or 420, 427, 15 P 637 (1887).

The affidavit is insufficient to sustain the service and a peremptory writ of mandamus will issue directing the defendant to quash the service of summons.