Argued March 3, peremptory writ allowed May 21, 1969

# STATE ex rel PRATT, *Relator, v.*
# MAIN, *Defendant.*

454 P2d 643

*William V. Deatherage,* Medford, argued the cause for relator. On the brief were Frohnmayer, Lowry & Deatherage, Medford.

*Donald M. Pinnock,* Ashland, argued the cause for defendant. On the brief were Davis, Ainsworth & Pinnock, Ashland.

Before Perry, Chief Justice, and McAllister, Sloan, O'Connell, Goodwin, Denecke and Holman, Justices.

DENECKE, J.

This is a mandamus proceeding brought against a circuit judge to determine whether his refusal to quash service of summons on the Oregon Department of Motor Vehicles was error.

Patricia Rettman, the plaintiff, brought an action against the relator, Pratt, and his employer, Dodge Center, for personal injuries allegedly sustained in an automobile collision. The plaintiff sought to obtain jurisdiction over Pratt by proceeding in accordance

with ORS 15.190(3).[1] ORS 15.190 provides in an action against a motorist that when a court is satisfied that personal service cannot be made upon a defendant motorist because he cannot be found within the state despite the due diligence of the plaintiff, the court can authorize service upon the Director of the Department of Motor Vehicles (DMV). Such service, together with the plaintiff mailing to the defendant at his last known address notification of such service and copies of the summons and complaint, is sufficient to obtain jurisdiction over the defendant.

The issue presented is whether the record contains sufficient facts from which the circuit court can make a finding that the plaintiff has used due diligence to find the defendant in the state.

The affidavit, dated March 14, recites that DMV informed the affiant, plaintiff's counsel, that Pratt's last known address was 2760 Chester, North Bend, Coos County, Oregon. Thereupon, summons and complaint were sent to the Sheriff of Coos County who advised the affiant that Pratt had moved from that address eight months before and could not be found. The sheriff filed a "Not found" return on March 14.

_____

[1] "When service of the summons or process cannot be made as prescribed in ORS 15.080, and the defendant after due diligence cannot be found within the state, and that fact appears by affidavit to the satisfaction of the court or judge thereof or the judge described in subsection (3) of ORS 15.120, service may be made by leaving a copy of the summons or process, with a fee of $2, in the hands of the Director of the Department of Motor Vehicles or in his office. Such service shall be sufficient and valid personal service upon said person or foreign corporation; provided, notice of such service and a copy of the summons or process is sent forthwith by registered mail by the plaintiff or his attorney to the defendant, at the most recent address furnished to the Director of the Department of Motor Vehicles at the time of making application for an operator's license or to the last-known address of the defendant, and the affidavit of plaintiff or his attorney of compliance with this section is appended to the process and entered as a part of the return thereof. * * * *"

The affiant further deposed that he contacted the utility companies providing electricity, water and telephone service for this area and they reported either that they were prohibited from furnishing information or that they had no information on Pratt.[2]

DMV was served on March 19. Notice of service was mailed to Pratt at the North Bend address and was received by Pratt on March 22, at Bandon, Oregon, after being forwarded by the North Bend Postoffice.

In *State ex rel Carroll v. Redding*, 245 Or 81, 418 P2d 846 (1966), the issue was whether the affidavit contained sufficient averments of due diligence to support the trial court's refusal to quash substituted service on DMV. We held that it did not because it did not state when the plaintiff's counsel made the inquiry in

---

[2] "I, DONALD M. PINNOCK, being duly sworn and deposed, do hereby state:

"I am one of the attorneys for the Plaintiff in the above entitled action, and attempting to find Defendant, RAYMOND PRATT, I was informed by the Oregon State Department of Motor Vehicles that said Defendant's last address of record was 2760 Chester, North Bend, Oregon, this address being subsequent to his address at the time the accident occurred which was on or about April 30, 1966. Thereupon a Summons and Complaint was forwarded to the Sheriff of Coos County, who advised that the Defendant could not be served at said address, having moved from there some eight months ago, and his present whereabouts was unknown. Thereafter on the 14th day of March, 1968, said sheriff filed a "Not found" return.

"Thereafter I contacted Pacific Power and Light Company in Coos Bay for service listings to RAYMOND PRATT for the Coos Bay-North Bend area, and they were prohibited from furnishing such information. I then contacted the Water Board for the Coos Bay-North Bend area. No service listings were shown under the name of RAYMOND PRATT. Thereafter a check with the telephone directories in Coos Bay and North Bend showed no listing for said Defendant.

"That reasonable efforts to determine the location of the Defendant have been made, and the Defendant, after due and diligent search, cannot be found within this State. I make this Affidavit in support of Plaintiff's motion for an Order permitting service upon Defendant by serving the Director of the Department of Motor Vehicles."

which he was told that the defendant was residing outside the state. We stated in that opinion:

> "This is a direct attack on the sufficiency of the service of summons. A more strict compliance with the statutory requirements is necessary than in the case of a collateral attack. * * *" 245 Or at 85.

The instant case also involves a direct attack.

ORS 15.120 provides for service by publication and uses the same language as ORS 15.190: "* * * [A]nd the defendant after due diligence can not be found within the state, and that fact appears by affidavit to the satisfaction of the court * * *."⑨

California apparently had a similar statute. This court, in deciding whether the California statute had been satisfied, stated:

> "* * * The mere fact that affiant had called at the places where defendant had resided and had not found defendant there without stating when such calls were made, or that they were made at a time when ordinarily defendant would be at home, does not disclose such diligence as to support service by publication." *Laughlin v. Hughes,* 161 Or 295, 302, 89 P2d 568 (1939).

That was an action in Oregon on a California judgment obtained after service by publication.

■■ We have not had an occasion to state any definition of "due diligence" as that phrase is used in these service-of-process statutes. It should be remembered that personal service within the jurisdiction remains a requisite in the usual case and substituted service is an exception justified only in the circumstances pro-

---

⑨ Annotation, 21 ALR2d 929 (1952), on what is due diligence under such a statute.

vided for by statute. A pro forma search for the defendant is not sufficient to satisfy the statute.

■ The definition stated in *Davis v. Kressly*, 78 SD 637, 641, 107 NW2d 5 (1961), while general, appears to us to be accurate:

> "The test of the sufficiency of the showing of due diligence, as evidenced by the assailed affidavit, is not whether it shows the use of all possible or conceivable means to find defendant within the state, but whether it reveals that all reasonable means have been exhausted in an effort to so find defendant. ⁎ ⁎ ⁎"

■ Tested by this criterion we hold that there is insufficient evidence to support the trial court's finding that plaintiff exercised due diligence. There are two avenues of search which, under the circumstances of this case, the plaintiff should have pursued in order that a finding of due diligence could be supported. An inquiry at the North Bend Postoffice, the postoffice serving Pratt's last known address, should have been made. Plaintiff's counsel apparently was aware of this source of information but counsel thought it sufficient if this source of information was used later in mailing Pratt notice that DMV had been served. As noted earlier, the North Bend Postoffice knew Pratt's whereabouts.

The other avenue of search that should have been used in this case was Pratt's co-defendant and employer, Dodge Center, its counsel or its insurance carrier. Plaintiff's complaint alleged that plaintiff was injured by Pratt while he was driving his employer's car and that he was acting within the course of his employment. From these allegations it is obvious that Pratt's whereabouts was important to Pratt's employer

and the employer's counsel. It is also most likely that Pratt's employer had insurance, that the insurance also covered Pratt, and that counsel representing Dodge Center was defending for Dodge Center's insurer. The record is that the identity of the employer's counsel was known to plaintiff's counsel for some time prior to the attempt to serve Pratt in Coos County.

We are not holding that in every case due diligence requires the making of an inquiry of a co-defendant or its agents or at the postoffice. There could be circumstances in which it would be apparent that such inquiry would be futile. We are holding that under the totality of the circumstances as shown by the record in this case such inquiries were necessary to satisfy the requirements of due diligence.

In our opinion these two possible sources of information as to Pratt's whereabouts are so apparent that a failure to pursue them is conclusive evidence of a lack of due diligence.

■ Plaintiff contends that Pratt's failure to report his change of address to DMV within 30 days of moving, as required by ORS 482.290(2), relieves plaintiff of making any further search after finding Pratt was not at the address on file at DMV. A New Jersey trial court did hold that a defendant's failure to notify DMV of his change of address estopped him from challenging substitute service. *Rudikoff v. Byrne*, 101 NJ Super 29, 242 A2d 880 (1968). Such failure on the part of an Oregon driver does not relieve a plaintiff from conforming to the statute requiring due diligence.

■ Contrary to plaintiff's contention, mandamus is a correct procedure to test the correctness of the trial court's finding of due diligence. In *State ex rel Massachusetts Bonding & Insurance Co. v. Updegraff*, 172

Or 246, 141 P2d 251 (1943), this court held mandamus was the proper remedy to determine whether the trial court was in error in refusing to quash service of summons.

A peremptory writ of mandamus will issue directing the defendant to quash service of summons.