Argued September 8, affirmed October 22, 1969

MARY JO HUTSON, *Appellant, v.* MARTIN, *Respondent.*

CHARLES L. HUTSON, *Appellant, v.* MARTIN, *Respondent.*

459 P2d 999

*Michael F. McClain,* Corvallis, argued the cause for appellant. On the briefs were Ringo, Walton & McClain.

*Robert H. Grant,* Medford, argued the cause for respondent. On the brief were Kelly, Grant & Cooney.

McALLISTER, J.

This damage action was filed on September 22, 1967, to recover for personal injuries sustained in an automobile accident that occurred in Klamath County on October 20, 1965. Plaintiff attempted to serve defendant by substituted service on the Director of the Department of Motor Vehicles as authorized by ORS 15.190. The defendant appeared specially and moved to quash the service. Defendant's motion to quash was allowed and in due course judgment on the pleadings was entered in favor of defendant. Plaintiff appeals.

The question on appeal is whether the court erred in quashing the service of summons.

ORS 15.190 (3) provides in pertinent part as follows:

"When service of the summons or process cannot be made as prescribed in ORS 15.080, *and the defendant after due diligence cannot be found within the state, and that fact appears by affidavit* to the satisfaction of the court or judge thereof * * * service may be made by leaving a copy of the summons or process, with a fee of $2, in the

hands of the Director of the Department of Motor Vehicles or in his office. * .* *" (Italics added.)

Defendant contends that the "due diligence" required by the statute was not shown by the affidavit in this case. The affidavit was dated October 17, 1967, and read as follows:

"I, J. W. WALTON, being first duly sworn on oath, depose and say:

"That I am one of the plaintiff's attorneys. Our firm has attempted to serve the defendant personally at Route 1, LaPine, Oregon, which is his last known address given to the Department of Motor Vehicles. That thereafter we were informed that he was residing in Los Angeles, California. That summons and complaint was returned 'Not found' from the Sheriff's Department, County of Los Angeles, California, and there was attached thereto a notation that the defendant moved approximately September 5, 1967 and left no forwarding address and that the Sheriff of Los Angeles County was unable to locate him. That upon the basis of this information and other information available I have reason to believe that the defendant cannot be personally served as provided by statute and that an order must issue to permit service upon the Motor Vehicle Department in Salem, Oregon pursuant to ORS 15.190. That the last address furnished to the Motor Vehicle Department was Route 1, LaPine, Oregon and the last known address was 18337 Farjardo, Rowland Hills, California, and that the defendant, after exercise of due diligence, cannot be found within the State of Oregon and cannot be served pursuant to ORS 15.080.

"That this affidavit is made in support of a motion for an order to issue direct services upon the Department of Motor Vehicles."

We have recently reaffirmed the well-established

rules applicable to this case, *State ex rel Carroll v. Redding*, 245 Or 81, 418 P2d 846 (1966); *State ex rel Pratt v. Main*, 253 Or 408, 454 P2d 643 (1969). In *Carroll* we held that a "strict compliance with the statutory requirements is necessary" to withstand a direct attack on the service of summons. 245 Or at 85. We further said:

> "The affidavit must contain positive averments of probative or evidentiary facts from which the judge issuing the order for substituted service can find that the due diligence required by the statute has been exercised. (Citing cases.)" 245 Or at 84.

Viewed in the light of the above rules we think the affidavit was inadequate. It appears from the affidavit:

1. That defendant could not be found at Route 1, LaPine, Oregon, the last address given to the Department of Motor Vehicles.

2. That plaintiff was informed by some undisclosed informant at some unspecified time that defendant "was residing" in Los Angeles.

3. That defendant's last known address was 18337 Farjardo, Rowland Hills, California.

4. That the Sheriff of Los Angeles County attempted to serve defendant, but informed plaintiff that defendant had moved from some unspecified address about September 5, 1967, and had left no forwarding address and that the sheriff was unable to locate him.

Since the plaintiff presumably requested the sheriff to serve defendant at his last known address we assume that the Rowland Hills address was the one from which defendant moved on or about September 5, 1967. The affidavit does not disclose how plaintiff obtained the Rowland Hills address and does not tell why plaintiff could not ascertain from the same source

defendant's new address. The plaintiff apparently made no further effort to determine the whereabouts of defendant, although, as we recently pointed out in *State ex rel Pratt v. Main,* supra, that information might have been obtained from the Los Angeles post-office. It appears from the trial court file that a letter mailed to defendant at the Rowland Hills address was forwarded to and received by him.

At most, the affidavit established that for some unknown period prior to about September 5, 1967, the defendant resided in Los Angeles County. In our opinion this does not establish that defendant could not be found in Oregon six weeks later when plaintiff's affidavit was filed.

The judgment is affirmed.