Argued May 7, affirmed May 28, 1970

MORRIS, *Appellant, v.* FEE, *Respondent.*

469 P2d 788

*Howard R. Lonergan*, Portland, argued the cause for appellant. On the briefs was Jack R. Hannam, Portland.

*David C. Landis*, Portland, argued the cause for respondent. With him on the brief were Hollister & Landis, Portland.

Before MCALLISTER, Presiding Justice, and SLOAN, O'CONNELL, DENECKE, HOLMAN, TONGUE and HOWELL, Justices.

HOLMAN, J.

This is an appeal from an order quashing substituted service of summons in an action for damages for personal injuries. The sole question is the propriety of the court's order.

Plaintiff attempted substituted service upon the Department of Motor Vehicles as provided in ORS 15.190 (3). This statute provides for such service when service in conformance with ORS 15.080 cannot be made and the defendant, after due diligence, cannot be found within the state and that fact appears by affidavit to the satisfaction of the court or judge. The relevant part of plaintiff's affidavit which was tendered with his application for an order authorizing substituted service was as follows:

"On August 23, 1968, the captioned action was commenced against the Defendant, action being filed in the County of Multnomah, State of Oregon, and Summons and Complaint placed in the hands of the Sheriff of the County of Clackamas, State of Oregon, on August 28, 1968.

"Due and diligent effort was made by the office of the Sheriff of Clackamas County, State of Oregon, to accomplish service on the Defendant at his last known address, 600 Waverly Court, Apartment 406, Milwaukie, Oregon, but such effort was to no avail; Clackamas County Sheriff's office advised new address for Defendant was 1903 N. E. Schuyler Street, Portland, Oregon; Multnomah County Sheriff's office attempted to accomplish service on Defendant at 1903 N. E. Schuyler Street, Portland, Oregon, but such effort was to no avail.

"Communication with the Department of Motor Vehicles indicates last known address of Defendant is 1903 N. E. Schuyler, Portland, Oregon; Defendant no longer resides at this address and Defendant's present whereabouts is unknown to your affiant."

■ In effect, the affidavit alleges that service was unsuccessfully attempted at two addresses. Insofar as the affidavit shows, there was reason to believe the defendant would be found at the Multnomah County address only. No effort of any kind was made to locate defendant after the attempted service at the Portland address was unsuccessful except to check with the Department of Motor Vehicles. No showing was made why it was useless or impossible to inquire concerning defendant's whereabouts from the usual sources of information, such as neighbors, friends, relatives, employers, utility companies, and the post office. *See State ex rel Pratt v. Main*, 253 Or 408, 454 P2d 643 (1969). The affidavit was utterly lacking in any showing of due diligence and the trial court was correct in quashing service.

■ Plaintiff contends that the statute authorizes substituted service upon the *satisfaction* of the trial court that due diligence was used and, therefore, that

this court cannot review the matter for the obvious reason that the trial judge was satisfied, as was demonstrated by his issuance of the order. We are sure it was not the intention of the legislature to make the test of due diligence a subjective one which depended upon the reaction of the individual trial judge. Unless an objective standard is used, there is no way to determine what is required of a plaintiff who seeks to use substituted service. We are not justified in presuming that the legislature intended the court's jurisdiction to rest upon personal whim.

Subsequent to the quashing of the service in this case, the Oregon Legislature amended ORS 15.190 (3) by Chapter 389, Oregon Laws 1969, which added the following language:

"* * * Due diligence is satisfied when it appears from the affidavit that the defendant cannot be found residing at the address given by the defendant at the time of the accident, or residing at the most recent address furnished by the defendant to the Director of the Department of Motor Vehicles, if it appears from the affidavit that inquiry at such address or addresses was made within a reasonable time preceding the filing of the affidavit * * *."

Plaintiff claims that the law at the time of appeal governs the sufficiency of the affidavit and that his affidavit meets the present statutory standards.

■ We know of no authority which justifies retrospective application of the amendment. The trial court could not have secured jurisdiction of the defendant by the present affidavit pursuant to the amended law until long after the elapse of the statute of limitations. Plaintiff offers as authority for her position the case of *Von Poppenheim v. Port. Boxing Com.*, 241 Or 603,

407 P2d 853 (1965). This was a case in which the plaintiff sought a mandatory injunction to compel the defendant commission to issue a license to promote wrestling matches. During the appellate process, the applicable law relating to the authority of the commission to grant such licenses was changed. This court recognized that any action which it required of the commission would have to be pursuant to the law in effect at the time the action was directed. *Von Poppenheim* is not authority for plaintiff's present contention because in that case no question of jurisdiction was involved and the nature of the case was such that the commission's duty to act had to be tested by the statute which was in effect at the time the action would be required.

The judgment of the trial court is affirmed.