Submitted on record and plaintiff's brief May 28,
peremptory writ allowed July 1, 1970

# STATE EX REL HANDLY, *Plaintiff, v.*
# HIEBER, *Defendant.*
### 471 P2d 790

Schwenn, Bradley & Batchelor and Joe D. Bailey, Hillsboro, filed a brief for plaintiff.

No appearance for defendant.

McALLISTER, J.

The petition in this original mandamus proceeding asks this court to order the defendant circuit judge to quash a substituted service of summons.

The summons was issued in an action filed in the circuit court for Washington County against the relator Handly to recover expenses incurred by the parent of a child injured by the alleged negligence of relator in operating his automobile. The plaintiff in that action attempted to serve relator by substituted service on the Administrator of the Motor Vehicles Division as authorized by ORS 15.190. The relator appeared specially and moved to quash the service. The motion to quash was denied and relator brought this proceeding. We issued an alternative writ to which the defendant circuit judge has answered. The relator has replied and the case is at issue on the pleadings which raise only issues of law.

This court has consistently held that mandamus is an appropriate remedy to test the validity of service of summons. *State ex rel Pratt v. Main*, 254 Or 408, 454 P2d 643 (1969); *State ex rel Massachusetts Bonding & Ins. Co. v. Updegraff*, 172 Or 246, 141 P2d 251 (1943). We have also adhered to the rule that "a strict compliance with the statutory requirements is necessary" to withstand a direct attack on the service of summons. *State ex rel Carroll v. Redding*, 245 Or 81, 418 P2d 846 (1966); *State ex rel Pratt v. Main, supra*; *Hutson v. Martin*, 254 Or 318, 459 P2d

999 (1969); *Morris v. Fee,* 255 Or 623, 469 P2d 788 (1970).

The statutory requirements with which it is necessary to comply are contained in ORS 15.190(3) as follows:

"When service of the summons or process cannot be made as prescribed in ORS 15.080, and the defendant after due diligence cannot be found within the state, and that fact appears by affidavit to the satisfaction of the court or judge thereof . . . service may be made by leaving a copy of the summons or process, with a fee of $2, in the hands of the Administrator of the Motor Vehicles Division or in his office. *Due diligence is satisfied when it appears from the affidavit that the defendant cannot be found residing at the address given by the defendant at the time of the accident, or residing at the most recent address furnished by the defendant to the Administrator of the Motor Vehicles Division, if it appears from the affidavit that inquiry at such address or addresses was made within a reasonable time preceding the filing of the affidavit. * * *"*

The italicized portion of the statute was added by Oregon Laws 1969 ch 389 § 1 and was in effect when the action against relator was filed on September 5, 1969.

The affidavit supporting the motion for substituted service in this case was also filed on September 5, 1969 and read as follows:

"I am the attorney for the plaintiff in the above entitled action. In attempting to find defendant, I was informed by officials at Pacific University where the defendant previously attended school, that prior to the filing of this action and at all times since, defendant has been out of state and is in the military service. Defendant's last known

address is Dr. Ralph Handly, Fifth General Hospital, BAD CANN STATT, APO New York, N. Y., 09154. I make this Affidavit in support of plaintiff's motion for an order permitting service upon the defendant by serving the director of the Department of Motor Vehicles."

The order directing service on the Administrator of the Motor Vehicles Division was signed the same day.

■ It is obvious that no attempt was made to satisfy the requirement of due diligence in the manner specified by the 1969 amendment. It does not appear from the affidavit that any inquiry was made at any time at the address, if any, given by relator at the time of the accident or at any address furnished by relator to the Administrator of the Motor Vehicles Division. We reserve to another case any consideration of the effect, if any, of the 1969 amendment on our prior decisions.

Since the affidavit does not prove due diligence as specified by the 1969 amendment we must consider whether it satisfactorily proves that due diligence was otherwise exercised to find relator within the state. We think it does not.

The affidavit states that affiant was informed by "officials" at the university "where the defendant previously attended school" that relator "has been out of state and is in the military service." The affidavit further states that defendant's last known address was a New York Army Post Office address. Neither the source of this information nor the time it was acquired are disclosed although it might be inferred that the APO address was the last address known to the Pacific University officials and was furnished by them. The affidavit does not state when affiant acquired

any of his information at Pacific University. It does say that relator had been out of the state prior to the filing of the action, but does not indicate that the information was sufficiently current to be reasonably reliable.

The affidavit contains the ambiguous phrase "and at all times since." Since the affidavit was made on the same day that the action was filed, it cannot mean at all times since the action was filed. The Pacific University officials could not have been informing affiant about relator's whereabouts after the inquiry. They could furnish information about relator's whereabouts only as of the time inquiry was made.

We can only speculate what affiant meant by the phrase "and at all times since." If we assume that affiant meant to say that he had been informed that since some unspecified date prior to the filing of the action and at all times since such unspecified date up to the date of the inquiry relator has been out of the state and in the military service, then there is still no information to indicate the date of the inquiry.

The ambiguous statement about the situation after the filing of the action does not amount to a positive averment of a probative or evidentiary fact sufficient to support a finding of due diligence as required by statute. *State ex rel Carroll v. Redding,* 245 Or 81, 418 P2d 846 (1966).

A peremptory writ of mandamus will issue directing the defendant to quash the service of summons.