Argued July 15, peremptory writ allowed August 5, 1970

STATE ex rel KNAPP, *Relator, v.*
SLOPER, *Defendant.*
473 P2d 140

*Asa L. Lewelling*, Salem, argued the cause and filed a brief for relator.

*Tom Beck*, Salem, argued the cause for defendant. On the brief were Williams, Skopil, Miller, Beck & Wyllie.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE and TONGUE, Justices.

McALLISTER, J.

This is an original proceeding in mandamus in which relator asks this court to order the defendant circuit judge to quash a substitute service of summons.

The summons was issued in an action filed in the Circuit Court for Marion County to recover damages for an alleged wrongful death resulting from a motor vehicle accident that occurred in Gilliam County on February 17, 1967. Lorene K. Church, as administratrix, was plaintiff and the relator Knapp was a defendant. The complaint was filed on February 14, 1969. Knapp, appearing specially, moved that the service of summons be quashed. Judge Sloper denied the mo-

tion by an order dated December 22, 1969. Relator's petition for an alternative writ was filed in this court on January 14, 1970. An alternative writ was issued and defendant has answered, raising only the question of the sufficiency of the affidavit to support the substituted service under ORS 15.190.

Defendant does not challenge the use of mandamus to test the validity of his order denying the motion to quash, but the question has been raised in this court whether mandamus is an appropriate remedy in these cases. The answer turns on whether there is an adequate remedy by appeal.

■ If a motion to quash is sustained appeal is an adequate remedy. The plaintiff can decide whether to serve the defendant anew or to stand on the original service. If plaintiff decides that he cannot improve his position by attempting new service he can have an order entered dismissing the action and appeal from that final order. If the appellate court holds that the service was valid the case will be remanded for trial.

If, on the other hand, the motion to quash is denied, appeal is not an entirely adequate remedy. Since 1949 the defendant may enter a general appearance without waiving his objection to the service and if after trial a judgment is entered against him he may appeal and in the appellate court renew his challenge of the service. ORS 16.150. If the appellate court holds the service defective the trial of the case has been a waste of time and money for both parties and court. There is good reason to decide at the outset whether the trial will be a wasted effort or will decide the controversy.

This court has long held that mandamus is available to challenge a trial court's refusal to quash service of summons. See, e.g., *State ex rel Willamette Lbr. Co.*

*v. Cir. Ct., Mult. Co.*, 187 Or 591, 211 P2d 994 (1949);
*State ex rel Massachusetts Bonding & Ins. Co. v. Updegraff*, 172 Or 246, 141 P2d 251 (1943); *State ex rel Pardee v. Latourette*, 168 Or 584, 125 P2d 750 (1942);
*State ex rel Hupp etc. Corp. v. Kanzler*, 129 Or 85, 276 P 273 (1929). The use of the writ in such a case has been recently approved in *State ex rel Pratt v. Main*, 253 Or 408, 454 P2d 643 (1969) and *State ex rel Handly v. Hieber*, 256 Or 93, 471 P2d 790 (July 1, 1970). It issued without question in *State ex rel Carroll v. Redding*, 245 Or 81, 418 P2d 846 (1966). The last three cases all involved the precise question involved in this case—the sufficiency of the affidavit to support service on the Director of the Department of Motor Vehicles.

ORS 34.110 says of mandamus:

"* * * The writ shall not be issued in any case where there is a plain, speedy and adequate remedy in the ordinary course of the law."

None of the cases cited above includes a thorough discussion of the application of this provision in cases where refusal to quash service is challenged, but it has been indicated that a remedy by appeal is not "adequate." *State ex rel Hupp etc. Corp. v. Kanzler*, supra, 129 Or at 97. In *State ex rel v. Latourette*, supra, 168 Or at 587, this court said:

"The facts in this case are admitted. In passing upon the matters presented by the motion to quash the pretended service, the circuit judge was not called upon to exercise judicial discretion. As Pardee did not have any plain, speedy and adequate remedy in the ordinary course of the law, it was proper for him to bring this proceeding in mandamus: (Citations omitted)."

It is clear that no appeal would lie in this case from the order denying the motion to quash service. The

order is not a judgment or decree within any of the definitions in ORS 19.010 and an attempt to appeal therefrom would be subject to dismissal. See *Ter Har v. Backus*, decided this day. We conclude that mandamus is an appropriate discretionary remedy to be used in cases of this kind.

In at least two cases this court used its original jurisdiction in mandamus to review orders quashing service of summons when it appears to us that appeal would have been an adequate remedy.

In *State ex rel Sullivan v. Tazwell*, 123 Or 326, 262 P 220 (1927), the relator Sullivan, a river pilot, had brought a damage action in the circuit court against Luckenbach Steamship Company under the Merchant Marine Act of 1920 (the Jones Act). The circuit judge had quashed the service of summons against the defendant not because of any defect in the summons or the service thereof, but on the ground that defendant Luckenbach could only be sued under the Jones Act in the state in which it resided, Delaware, or the state where it had its principal office, New York, and that jurisdiction over the person of the defendant in a Jones Act case could not be obtained in Oregon. This court accepted original jurisdiction in mandamus, held that the circuit court had inherent power to hear the damage case, and ordered the circuit court to accept jurisdiction. In holding that mandamus was a proper remedy the court said:

> "It is suggested that relator has a remedy by appeal, but we do not think so. The order sustaining the motion to quash the service is not a final order. It is not an order preventing a judgment or decree." 123 Or at 333.

We think the relator could have obtained a judgment of dismissal and appealed from that judgment.

In *State ex rel Kahn v. Tazwell*, 125 Or 528, 266 P 238, 59 ALR 1436 (1928), the relator Kahn, a resident of Germany, had brought an action in the Circuit Court for Multnomah County to recover on a life insurance policy issued to Kahn in Germany by the New York Life Insurance Company, which company was doing business in Oregon. The circuit court had quashed the service of summons on the defendant New York Life on the ground that the court did not have jurisdiction to try the action. The court entertained an original proceeding in mandamus and held that since Kahn's cause of action was transitory and the company was qualified to do business in Oregon the action could be brought in this state and ordered the circuit judge to accept jurisdiction. The use of mandamus was not challenged in the Kahn case but it appears to us that an appeal from an order dismissing the action would have been an adequate remedy.

We turn to the sufficiency of the service. The order for service on relator by serving the Director of the Department of Motor Vehicles was based on the following affidavit:

"I, Tom Beck, being first duly sworn, depose and say:

"That I am one of the attorneys for the plaintiff in the within entitled action.

"That the accident reports and police records regarding the facts surrounding plaintiff's claim for damages herein, list the defendant Russell Carl Knapp's address as Slayton, Minnesota. That at the time of the accident Russell Carl Knapp provided his driver's license identification from the state of Minnesota. That the said Russell Carl Knapp has no driver's license issued by the state of Oregon.

"I make this affidavit in support of my motion for an order permitting service upon defendant

Russell Carl Knapp by serving the Director of the Department of Motor Vehicles."

At the time the complaint was filed and service on the Director of the Department of Motor Vehicles was ordered, ORS 15.190 (3) provided:

"When service of the summons or process cannot be made as prescribed in ORS 15.080, and the defendant, after due diligence cannot be found within the state, and that fact appears by affidavit to the satisfaction of the court or judge thereof * * * service may be made by leaving a copy of the summons or process, with a fee of $2, in the hands of the Director of the Department of Motor Vehicles or in his office. * * *"

██ It must appear by affidavit that the defendant, after due diligence, cannot be found in Oregon at the time the order is entered. The affidavit in this case shows only that two years earlier at the time of the accident Knapp resided at Slayton, Minnesota, had a Minnesota driver's license and at the time of the affidavit had no Oregon driver's license. It appears from the complaint attached as an exhibit to the petition in this proceeding that at the time of the accident Knapp was driving a truck owned by a Minnesota corporation, by which he was employed and which corporation was a codefendant in the action.

Proof that in 1967 Knapp was living in Minnesota and employed as a truck driver by a Minnesota corporation does not prove that in 1969 he could not be found in Oregon. In the meantime he may have become a permanent resident of Oregon or may have been making periodic trips of substantial duration to Oregon. The best way to establish that Knapp could not be found in Oregon in 1969 was to prove that he still lived and worked in Minnesota, *Hutson v. Martin*, 254 Or

318, 459 P2d 999 (1969). As pointed out in *State ex rel Pratt v. Main,* supra, a letter or telephone call to Knapp's employer and codefendant would probably have elicited ample information to show whether he could be found in Oregon. As also pointed out in *Pratt* an inquiry to the postoffice in Slayton, Minnesota, would have disclosed whether Knapp was still residing there.[1]

■ The affidavit merely shows that the whereabouts of Knapp during the preceding two years were unknown to the affiant. Due diligence requires a reasonable effort to show why Knapp could not be found in Oregon. Because no such effort is shown by the affidavit it was defective.

A peremptory writ of mandamus will issue directing the defendant to quash the service of summons on relator.

---

[1] Forwarding addresses are available to any person upon payment of a $1 fee which covers the search. 5 USCA § 552(a)(3); 39 CFR §§ 113.3(a)(4) and 113.5(c).