Argued June 17, affirmed July 23, 1971

TER HAR, *Appellant, v.* BACKUS ET AL,
*Respondents.*

487 P2d 660

In Banc

Steven T. Campbell, Seaside, for appellant.

Walter H. Sweek, Portland, and Vergeer, Samuels, Roehr and Sweek, Portland, for respondents.

TONGUE, J.

This is an appeal from an order dismissing an action for personal injuries arising from an automobile accident following the entry of a previous order

quashing substituted service of summons upon the Motor Vehicles Division under ORS 15.190 (3).[1]

That statute requires, among other things, that such substituted service may be made "when service of the summons or process cannot be made as prescribed in ORS 15.080, and the defendant after due diligence cannot be found within the state, and that fact appears by affidavit to the satisfaction of the court or judge thereof * * *."

The controlling issue on this appeal is whether the affidavit of plaintiff's attorney, as tendered with his motion for an order for substituted service, was sufficient as a showing of such "due diligence."[2]

The pertinent parts of that affidavit are as follows:

"That on December 27, 1968, I delivered the original and two copies of the summons and two copies of the complaint with the intent that they be immediately served upon the Defendants in his matter.

"That on February 10, 1969, the sheriff filed a not found return and the civil deputy advised your affiant that the Defendants were both out of the State of Oregon and that Lorraine L. Backus was in Sacramento, California, but that the address there was unknown.

"That the sheriff's deputy gave your affiant the name G. R. Backus and the phone number 738-6636 and advised your affiant that information concerning the Defendants could be acquired from them.

---

[1] For a previous opinion in this same case dismissing as premature an attempted appeal from the previous order quashing such service, see Ter Har v. Backus, 256 Or 288, 473 P2d 143 (1970).

[2] Other objections are also made by defendant to the sufficiency of plaintiff's motion and affidavit, but need not be considered in view of the decision of the court on this issue.

"That subsequent thereto your affiant called the Backus residence and was advised that the Defendant, Guy Edward Backus, is in the service and is stationed in the State of Maryland, but that his address there is unavailable.

"That affiant was also advised that there was no address for the Defendant, Lorraine L. Backus; that she was traveling around the country and was no longer in Sacramento, California. That your affiant was given no address for the Defendant, Lorraine L. Backus."

1. It must be remembered, as previously held by this court, that personal service within the state is required in the usual case and that substituted service is an exception justified only in the circumstances provided for by statute. *State ex rel Pratt v. Main,* 253 Or 408, 412, 454 P2d 643 (1969). As also held in *Pratt,* a pro forma search for the defendant is not sufficient to satisfy the requirement of ORS 15.190 (3) that "due diligence" must be exercised in an attempt to find the defendant within the state.

2. On the other hand, as also recognized in *Pratt* (at p 413) the test of "due diligence" is not whether the affidavit "shows the use of all possible or conceivable means to find defendant within the state, but whether it reveals that *all reasonable means* have been exhausted in an effort to so find defendant." (Emphasis added)

This court, in a series of cases, including cases decided since *Pratt,* has held that "a strict compliance with the statutory requirements is necessary" to withstand a direct attack on the sufficiency of a summons (*State ex rel Handly v. Hieber,* 256 Or 93, 471 P2d 790 (1970)), and that the affidavit must contain "positive averments of probative or evidentiary facts from which the judge issuing the order * * * can

find that the due diligence required by the statute has been exercised." *State ex rel Carroll v. Redding,* 245 Or 81, 84, 418 P2d 846 (1966).

3. Among possible sources of information which should be contacted in order to make a showing that "all reasonable means" have been exhausted, depending upon the circumstances of the particular case, are the following: (1) inquiry at the post office of defendant's last known residence (*State ex rel Pratt v. Main, supra,* at 413; *Hutson v. Martin,* 254 Or 318, 322, 459 P2d 999 (1969); *Morris v. Fee,* 255 Or 623, 625, 469 P2d 788 (1970); *State ex rel Handly v. Hieber, supra,* at 1660; *State ex rel Knapp v. Sloper,* 256 Or 299, 473 P2d 140 (1970));[9] (2) inquiry of defendant's employer, if any, particularly if he is a co-defendant (*State ex rel Pratt v. Main, supra,* at 413; *Morris v. Fee, supra,* at 625; *State ex rel Knapp v. Sloper, supra,* at 2057); (3) inquiry of public utility companies, such as light and water companies in the area of defendant's last known residence (*Morris v. Fee, supra,* at 625); and (4) inquiry of neighbors, relatives and friends, if any, in the area of defendant's last known residence (*Morris v. Fee, supra,* at 625).

We have also held that the affidavit, in order to be sufficient, must indicate *when* such inquiries were made, so as to show that they were made recently enough that a diligent person would be justified in relying upon them at the time of application for an order authorizing service upon the Motor Vehicles Division. *State ex rel Carroll v. Redding, supra,* at 84. See also *State ex rel Handly v. Hieber, supra,* at 1660.

---

[9] As previously pointed out in State ex rel Knapp v. Sloper (at 2057), forwarding addresses are available to any person upon payment of a $1 fee, which covers the search. 5 USCA § 552 (a)(3); 39 CFR §§ 113.3(a)(4) and 113.5(c).

The affidavit in this case, although showing that such inquiries as were made were made since the filing of the complaint, is almost utterly lacking in any "positive statement of probative or evidentiary facts" showing "due diligence" in an attempt to "exhaust all reasonable means" to find defendants within the state at that time. (Cf. *Morris v. Fee, supra,* at 625.) Thus, although it appears from the affidavit of plaintiff's attorney that he was given the name of a G. R. Backus, with a local telephone number, as a possible source of information, the affidavit does not show who G. R. Backus was, where he resided, and what his relationship, if any, was to the defendants, so as to indicate whether or not he would be likely to have any reliable information concerning their whereabouts. Of more importance, although it appears that plaintiff's attorney had reason to believe that the last known address of defendants was in Seaside, Oregon, the affidavit shows no attempt whatever to make inquiries of postal authorities, public utilities, neighbors, relatives, friends, employers or any other person or source likely to provide information concerning the whereabouts of defendants, either in Seaside, Oregon, or in Sacramento, California.

Under the terms of ORS 15.190 (3), as amended in 1969, (Oregon Laws 1969, ch 389, § 1) it is also provided that:

"* * * Due diligence is satisfied when it appears from the affidavit that the defendant cannot be found residing at the address given by the defendant at the time of the accident, or residing at the most recent address furnished by the defendant to the Administrator of the Motor Vehicles Division, if it appears from the affidavit that inquiry at such address or addresses was made within a reasonable time preceding the filing of the affidavit. * * *"

In this case, however, and without undertaking to decide the effect of that amendment, it is sufficient to note that the complaint in this case was filed and the order quashing substituted service of summons was made before that amendment became effective.

Plaintiff contends that because defendants eventually received actual notice of the action pending against them their rights have not been prejudiced and that the trial court had jurisdiction to allow plaintiff's subsequent motion for leave to file an amended affidavit. Such a result would be contrary to all of our previous decisions on this subject, including those cited above, all of which proceed on the basis that the jurisdiction of the trial court over a defendant based upon substituted service under ORS 15.190 (3) depends upon the sufficiency of the original motion and affidavit for an order authorizing substituted service under that statute. (See *State ex rel Pratt v. Main, supra.*)[4]

4. For all of these reasons, we are constrained to hold that the affidavit of plaintiff's attorney in support of plaintiff's motion for an order authorizing service of summons on the Motor Vehicles Division failed to satisfy the requirements of ORS 15.190 (3). It follows that the trial court did not err in sustaining a motion to quash service of the summons upon the Motor Vehicles Division and in dismissing the complaint.

Affirmed.

---

[4] Kalich v. Bryson, 253 Or 418, 453 P2d 659 (1969), cited by plaintiff does not hold to the contrary and did not involve the sufficiency of an affidavit as a showing of "due diligence."