Argued October 6, reversed November 1, 1977

KINTIGH et ux, *Respondents,*
*v.*
ELLIOTT, *Appellant.*
(No. 76-2421, SC 25114)
570 P2d 659

Terence J. Hammons, of Hammons, Phillips & Jensen, Eugene, argued the cause and filed a brief for appellant.

Herman Hendershott of Curtis, Hendershott & Strickland, Eugene, argued the cause and filed a brief for respondents.

Before Denecke, Chief Justice, Holman and Howell, Justices, and Gillette, Justice Pro Tempore.

HOWELL, J.

**HOWELL, J.**

The sole issue in this cause is the sufficiency of an affidavit in support of a motion for service of summons on defendant by publication.[1]

In June, 1975, plaintiffs and defendant executed a conditional land sale contract wherein plaintiffs agreed to sell defendant certain real property for $50,825, payable in monthly installments. Defendant paid $11,000 down, made some monthly payments, and apparently funded a few improvements. After the defendant failed to make three payments in 1976 and pay the taxes for 1975-76, plaintiffs filed a suit for foreclosure of the contract in May, 1976, and applied to the court for service of summons on defendant by publication in a Springfield, Oregon, newspaper.

The affidavit supporting the motion for service by publication stated, in pertinent part:

"* * * That my attorney, Herman P. Hendershott, sent a certified copy of the Summons and Complaint, and an original Summons, to the sheriff of Jackson County, Oregon, which was received by said sheriff for service upon said Robert M. Elliott on May 10, 1976. Said Summons showed the address of Defendant Robert M. Elliott as 10 West Jackson Street, which was his address on or about June 21, 1975, when I sold my real property to him.

"That the Jackson County Sheriff has returned the original Summons and the certified copy of the Summons and Complaint, with a statement that he has been unable to locate Robert M. Elliott at that address, and,

---

[1] ORS 15.120 providing for service by publication states:

"When service of the summons can not be made as prescribed in ORS 15.080, and the defendant *after due diligence can not be found within the state, and that fact appears by affidavit to the satisfaction of the court or judge thereof,* or judge authorized to grant the order as provided in subsection (3) of this section, and it also appears that a cause of action exists against the defendant, or that he is a proper party to an action relating to real property in this state, the court or judge thereof, or judge authorized to grant the order, shall grant an order that the service be made by publication of a summons in any of the following cases: * * *." (Emphasis added.)

further, that the Federal Bureau of Investigation is looking for him.

"That said original Summons, certified copy of Summons and Complaint, and statement from the Jackson County Sheriff are attached to this Affidavit and made a part hereof by reference thereto.

"That the real property which I sold to Defendant Robert M. Elliott has two houses upon it and is located at 34830 Perkins Creek Road, Cottage Grove, in Lane County, Oregon. That the houses have been vacant since February, 1976. That I have looked into the windows of said houses and it appears that Defendant Robert M. Elliott left said houses in a hurry and left food and personal property therein, and it appears that he was fleeing from the law and/or arrest. That just prior to February, 1976, when I last saw Defendant Robert M. Elliott, I pointed out to him what appeared to be a camera or other device for observing his actions and/or comings and goings located in a tree adjacent to his house. At that time, I had no idea why such a camera or other recording or investigating device was set up in a tree on this property, and I pointed out to him the fact that it was there. That almost immediately thereafter, Defendant Robert M. Elliott left the property and disappeared and has not been seen by me or his neighbors or anyone since.

"That attached hereto is a letter I wrote to Robert M. Elliott at 34830 Perkins Creek Road, Cottage Grove, Oregon 97424, and posted at the Eugene Post Office on March 12, 1976. Said letter notified him that he was in default and I wanted immediate payment of the monthly installment contract on the above mentioned land sale contract. The envelope containing said letter was not opened and was returned by the Post Office to me with the notation that Robert M. Elliott had moved and left no address.

"That attached hereto is an envelope which contained a letter written to Robert M. Elliott by my attorney, Herman P. Hendershott, on March 30, 1976, addressed to 34830 Perkins Creek Road, Cottage Grove, Oregon 97424, which was regarding said land sale contract, and said letter was returned in the envelope unopened by the Post Office, with the notation that Robert M. Elliott had moved and left no address.

[ 268 ]

"That based upon the foregoing information, evidence and fact, I do state that Robert M. Elliott is a resident of this state but has departed therefrom in order to avoid service of Summons or with intent to keep himself concealed, and is a fugitive trying to avoid arrest by the Federal Bureau of Investigation.

"That I do further state that said Defendant, after due and diligent search, cannot be found within the State of Oregon, or has kept himself concealed therein with intent to avoid service or Summons and/or arrest.

"That based upon the foregoing facts, I do state that Defendant Robert M. Elliott, after due and diligent search, cannot be found within the State of Oregon.

"/s/ Robert G. Kintigh"

The defendant did not appear, and a decree of foreclosure was entered in July, 1976. In January, 1977, defendant moved to set aside the decree on the grounds the court lacked jurisdiction to enter the decree of foreclosure. The trial court denied the motion and defendant appeals. We find the affidavit to be insufficient, and reverse.

■■ Several principles relating to the service of summons by publication are now axiomatic. The affidavit supporting the motion for service by publication is jurisdictional. *Dickenson v. Babich,* 213 Or 472, 326 P2d 446 (1958). Service by publication of the summons in a local newspaper is a poor substitute for personal service, *Dickenson v. Babich, supra,* and when the sufficiency of the affidavit is challenged by a direct attack, as in this case, the statutory requirements must be complied with strictly. *State ex rel Pratt v. Main,* 253 Or 408, 454 P2d 643 (1969); *State ex rel Carroll v. Redding,* 245 Or 81, 418 P2d 846 (1966).[2]

---

[2] Although the service of summons by publication in this case is controlled by ORS 15.120, another statute, ORS 15.190, also provides for substituted service by serving the Director of the Department of Motor Vehicles. Prior to an amendment to ORS 15.190 in 1969, both statutes stated "and the defendant after due diligence cannot be found within the state, and that fact appears by affidavit to the satisfaction of the court * * *." We have applied the same rules relating to the sufficiency of the

■ The affidavit must contain positive averments of probative or evidentiary facts from which the court can find that due diligence was exercised, *State ex rel Carroll v. Redding, supra; State ex rel Handly v. Hieber,* 256 Or 93, 471 P2d 790 (1970), and due diligence means that all reasonable means of locating the defendant have been exhausted, *State ex rel Pratt v. Main, supra.* Our decisions concerning the averments necessary to show that all reasonable means have been exhausted in attempting to locate defendant for personal service were recently summarized by this court in *Ter Har v. Backus,* 259 Or 478, 487 P2d 660 (1971). There, we said that the possible sources of information which should be contacted include the post office for defendant's last known address; defendant's employer, if any; public utility companies, such as light, phone, and water; neighbors; and friends or relatives, if any, in the area. The affidavit must also show when such inquiries were made. 259 Or at 482.

■■ Tested by these criteria, it is clear that the affidavit does not show that plaintiff exercised all reasonable means to locate defendant so that personal service could be accomplished. In the instant case the affidavit states that defendant was last seen on the property just prior to February, 1976; that two letters to

---

affidavit under ORS 15.120 and 15.190 as the latter read before the amendment, *State ex rel Pratt v. Main,* 253 Or 408, 454 P2d 643 (1969); *State ex rel Carroll v. Redding,* 245 Or 81, 418 P2d 846 (1966); *Dixie Meadows Co. v. Kight,* 150 Or 395, 45 P2d 909 (1935), and cases referring to both statutes will be used here.

The 1969 amendment added the following language to ORS 15.190(3) (now 15.190(7) as amended by Chapter 60, Or Laws 1973):

"* * * Due diligence is satisfied when it appears from the affidavit that the defendant cannot be found residing at the address given by the defendant at the time of the accident, or residing at the most recent address furnished by the defendant to the Director of the Department of Motor Vehicles, if it appears from the affidavit that inquiry at such address or addresses was made within a reasonable time preceding the filing of the affidavit. * * *" Ch 389, Or Laws 1969.

At least one of our decisions, *State ex rel Handly v. Hieber,* 256 Or 93, 471 P2d 790 (1970), has held the affidavit under the 1969 amendment to be insufficient to show due diligence.

defendant were returned with a notation that defendant had moved and left no address;[3] and that it appeared to the affiant that defendant had left the premises hurriedly. The affidavit also states that the sheriff of Jackson County attempted to serve defendant at an address in that county but was unable to locate defendant at that address. Further, his answering service had not heard from defendant for 1½ years and told the sheriff the "F.B.I. had been looking for him too."

■ It is true that a vendor is entitled to foreclose a defaulting vendee's interest in property, but, in order to do so, the vendor must provide the vendee with the type of notice most likely to give actual notice of the suit to foreclose. *Dickenson v. Babich, supra.*

There has been no showing that the plaintiff attempted to determine the defendant's place of work and pursue a new address through associates there. Further, exhausting all reasonable sources of information would at least require inquiry at the local light, telephone and water companies as to the defendant's whereabouts. The affidavit does not indicate that any of this was done. Lastly, the affidavit should have shown some effort on plaintiffs' part to locate neighbors and relatives who might have the necessary information. In such case, the affidavit should state their names and addresses and that they are persons likely to know of defendant's whereabouts. For these reasons the affidavit is insufficient.

Reversed.

[3]The affidavit states that the two returned letters are attached to the affidavit. The record shows that only the return of the Jackson County sheriff was attached. Subsequent to the filing of defendant's motion to set aside the decree for lack of jurisdiction, the plaintiff filed an affidavit containing additional allegations and containing the two letters as exhibits. The additional affidavit cannot be considered because the jurisdiction of the court to order the service of summons by publication must be based upon the facts contained in the affidavit submitted with the original motion for service by publication.