Argued and submitted April 27, reversed October 12, 1981

In the Matter of the Marriage of

McDANIEL,
*Appellant,*
*and*
McDANIEL,
*Respondent.*

(No. E 20,901, CA 19207)

634 P2d 822

Robert Norman Ehmann, Pendleton, argued the cause and filed the brief for appellant.

Larry S. Bowe, Hood River, argued the cause for respondent. With him on the brief was Parker, Abraham, Bowe & Jacques, Hood River.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

## WARREN, J.

Father appeals from a default order modifying a dissolution decree by which the trial court changed custody of two children from father to mother. Father moved to set aside the order on the ground that, due to defective service, the court failed to acquire jurisdiction over him. We reverse.

The parties' marriage was dissolved in April, 1978, and father was awarded custody of the two older children. In July, 1979, mother petitioned for a change of custody. Later she moved to have the petition for modification served on father by publication, alleging that she was unable to find father after a diligent search. In her affidavit she alleged she contacted father's former employer, sent a citation to an address in Arkansas given to her by the former employer, attempted service at his parents' home in Umatilla County, Oregon, contacted his last known residence in Portland and personally contacted his parents twice and his sister once.[1] On the basis of these allegations, in October, 1979, the trial court issued an order allowing service by publication in a newspaper in Umatilla County.

---

[1] Respondent's affidavit stated as follows:

"I, PEGGY L. McDANIEL COON, being first duly sworn, depose and say:

"I am the respondent in this suit. After due diligence, I have been unable to find petitioner within the state of Oregon.

"I have not seen the petitioner or my two daughters in his custody, TIFFANY RAY McDANIEL and TRACY LaVAE McDANIEL, since May, 1979. I have had no correspondence or communication with the petitioner or the two girls since May.

"I contacted petitioner's former employer, Ellis Pacific, in Portland, concerning his whereabouts and they indicated that he no longer worked for them and he had given a forwarding address of Rt 2 Box 170 Sulfur Springs, Arkansas 64963. I sent a Citation and copy of Citation to the Sheriff of Benton County, Arkansas, to be served upon the petitioner and I received a 'not found' on the service with a notation from the sheriff that there is no Route 2 Sulfur Springs, Arkansas, and that he had checked Route 2, Box 170, Gravette, Arkansas, and there was no person there. I then sent the papers for service to the Sheriff of Umatilla County to be served upon the petitioner at his parents address in Umatilla since an acquaintance of mine in Umatilla told me he had seen the petitioner there in the past two months. The papers were returned unserved with a notation that he is possibly living in the Portland area and they have not heard from him for awhile. I contacted his last known residence in Portland and they have indicated to me that he moved to Arkansas several months ago. I have contacted his parents in

In December, 1979, an attorney hired by father's parents requested a copy of the pleadings from mother's attorney and asked for an extension of time to file a response. An extension of time was granted for two weeks. On February 14, 1980, the attorney, purporting to represent father, requested four or five more days in which to file a response. No response was filed. On March 24, 1980, father was defaulted, and the trial court entered an order changing the custody of the children to mother. In September, 1980, father, represented by an attorney different from the one retained by his parents, filed a motion to vacate the order, which was denied.

Father appeals on three grounds: (1) the affidavit upon which the order allowing service by publication was based was insufficient, and so, the trial court did not acquire jurisdiction over him; (2) the motion should have been set aside because it was entered through surprise or neglect; and (3) mother failed to allege sufficient facts in her affidavit to justify change of custody. Because we agree with father's first contention that mother's affidavit in support of her motion to serve by publication was insufficient, we reverse. It is unnecessary to discuss father's other contentions.

■ In this direct attack upon the order changing custody, the fact that father may have had actual knowledge of the proceedings against him and may have been able to appear and answer are not sufficient to confer personal jurisdiction. *Ter Har v. Backus,* 259 Or 478, 484, 487 P2d 660 (1971); *Dixie Meadows Co. v. Kight,* 150 Or 395, 399, 45 P2d 909 (1935); *Keane et al v. City of Portland et al,* 115 Or 1, 9, 235 P 677 (1925); *Bitting v. Douglas County,* 24 Or 406, 410, 33 P 981 (1893); *see Ashford v. Ashford,* 201 Or 206, 219, 249 P2d 968, 268 P2d 382 (1954).

---

Hermiston personally on two occasions in the last three months inquiring of his whereabouts and they indicated to me they had not seen him and do not know where he lives. I have also contacted his sister in Portland and she has told me that she does not know where he lives and has not seen him for awhile.

"I have been unable to locate Mr. McDaniel and I believe that if he is in the State of Oregon he is hiding to avoid service of process. I believe that mail would most likely reach him in care of his parents' house at Route 3, Box 3695, Hermiston, OR."

The statutes concerning notice and substituted service at the time of this proceeding were ORS 109.740, 109.750 and 15.120.[2]

---

[2] ORS 109.740 provides:

"Before making a decree under ORS 109.700 to 109.930, reasonable notice and opportunity to be heard shall be given to the contestants, any parent whose parental rights have not been previously terminated, and any person who has physical custody of the child. If any of these persons is outside this state, notice and opportunity to be heard shall be given pursuant to ORS 109.750."

ORS 109.750 provides:

"(1) Notice required for the exercise of jurisdiction over a person outside this state shall be given in a manner reasonably calculated to give actual notice, and may be:

"(a) By personal delivery outside this state in the manner prescribed for service of process within this state;

"(b) In the manner prescribed by the law of the place in which the service is made for service of process in that place in an action in any of its courts of general jurisdiction;

"(c) By any form of mail addressed to the person to be served and requesting a receipt; or

"(d) As directed by the court, including publication, if either means of notification are ineffective.

"(2) Notice under this section shall be served, mailed, delivered or last published at least 20 days before any hearing in this state.

"(3) Proof of service outside this state may be made by affidavit of the individual who made the service, or in the manner prescribed by the law of this state, or the order pursuant to which the service is made or the law of the place in which the service is made. If service is made by mail, proof may be a receipt signed by the addressee or other evidence of delivery to the addressee.

"(4) Notice is not required if a person submits to the jurisdiction of the court."

ORS 15.120 provides in part:

"(1) When service of the summons can not be made as prescribed in ORS 15.080, and the defendant after due diligence can not be found within the state, and that fact appears by affidavit to the satisfaction of the court or judge thereof * * * the court or judge thereof, * * * shall grant an order that the service be made by publication of a summons in any of the following cases:

" * * * * *

"(b) When the defendant, being a resident of this state, has departed therefrom with intent to defraud his creditors, or to avoid the service of a summons, or with like intent keeps himself concealed therein, or has departed from the state and remained absent therefrom six consecutive weeks; provided, that if the defendant after due and diligent search cannot be found within the state, he shall be deemed to have kept himself concealed therein with intent to avoid the service of a summons."

In *Ter Har v. Backus, supra,* 259 Or at 481-482, the Supreme Court discussed the requirement of the showing of "due diligence" to justify substituted service:

"It must be remembered, as previously held by this court, that personal service within the state is required in the usual case and that substituted service is an exception justified only in the circumstances provided for by statute. *State ex rel Pratt v. Main,* 253 Or 408, 412, 454 P2d 643 (1969). As also held in *Pratt,* a pro forma search for the defendant is not sufficient to satisfy the requirement of ORS 15.190(3) that 'due diligence' must be exercised in an attempt to find the defendant within the state.

"On the other hand, as also recognized in *Pratt* (at p 413) the test of 'due diligence' is not whether the affidavit 'shows the use of all possible or conceivable means to find defendant within the state, but whether it reveals that *all reasonable means* have been exhausted in an effort to so find defendant.' * * *

"This court, in a series of cases, including cases decided since *Pratt,* has held that 'a strict compliance with the statutory requirements is necessary' to withstand a direct attack on the sufficiency of a summons *(State ex rel Handly v. Hieber,* 256 Or 93, 471 P2d 790 (1970)), and that the affidavit must contain 'positive averments of probative or evidentiary facts from which the judge issuing the order * * * can find that the due diligence required by the statute has been exercised.' *State ex rel Carroll v. Redding,* 245 Or 81, 84, 418 P2d 846 (1966)." (Emphasis in original.)

While what is reasonable in a given case will depend upon varying circumstances, the following have been suggested as generally being required to show due diligence: (1) inquiry at the post office of defendant's last known address; (2) inquiry of defendant's employer; (3) inquiry of public utility companies, such as light and water companies in the area of defendant's last known residence; and (4) inquiry of neighbors, relatives and friends, if any, in the area of defendant's last known residence. *Ter Har v. Backus, supra,* 259 Or at 483.

In *Kintigh v. Elliot,* 280 Or 265, 570 P2d 659 (1977), plaintiff in a foreclosure suit applied for and obtained an order authorizing service by publication in a local newspaper. Defendant failed to appear, and a decree of foreclosure was entered in July, 1976. In January, 1977,

defendant moved to set aside the decree on the grounds the court failed to acquire personal jurisdiction over him. The sole issue there, as in this case, was the sufficiency of the affidavit in support of the motion for service by publication. The affidavit upon which the order to serve by publication was based alleged that defendant seemed to have left his home in a hurry; that defendant's neighbors had not seen him; that a letter was returned unopened by the post office with the notation he had moved and left no address; and that the FBI had been looking for him but had not been able to locate him. In holding the affidavit to be inadequate under the criteria set out in *Ter Har v. Backus, supra,* the court stated:

"There has been no showing that the plaintiff attempted to determine the defendant's place of work and pursue a new address through associates there. Further, exhausting all reasonable sources of information would at least require inquiry at the local light, telephone and water companies as to the defendant's whereabouts. The affidavit does not indicate that any of this was done. Lastly, the affidavit should have shown some effort on plaintiff's part to locate neighbors and relatives who might have the necessary information. In such case, the affidavit should state their names and addresses, and that they are persons likely to know of defendant's whereabouts. For these reasons, the affidavit is insufficient." 280 Or at 271.

In the present case, tested by the same criteria, mother's affidavit was insufficient to justify the order for service by publication. She made no inquiry whatsoever of the post office, of any public utility company, or of the motor vehicles division. While she did contact the company with which father had been formerly employed, she made no effort to contact his co-workers at that place of employment, nor did she attempt to contact his friends or neighbors at his last known address. Inquiries made at his last known address did not include an inquiry as to a forwarding address. Although she did contact members of his family, because she was attempting to gain custody of the children from him his family may be assumed to have been unsympathetic with her cause. Her inquiries could not reasonably end there. Additionally, the affidavit fails to indicate when such inquiries as were made occurred " * * * so as to show that they were made recently enough that a

diligent person would be justified in relying upon them at the time of application for an order authorizing service * * * by publication." *See Ter Har v. Backus, supra,* 259 Or at 482.

Because of the foregoing deficiencies in the affidavit relied upon to justify the order to serve by publication, mother did not make a showing of the exhaustion of all reasonable means to locate the father and accordingly, failed to make the showing of "due diligence" required by ORS 15.120. Service by publication should not have been authorized, and by such attempted service the court acquired no personal jurisdiction over the father. The motion to set aside the order modifying the decree should have been allowed.

Reversed. Costs to appellant.