Argued and submitted October 26, 1979,
reversed and remanded May 5, 1980

# CHISUM,
*Respondent,*
*v.*
# BINGAMON,
*Appellant.*

## (No. 78-553-L, CA 14634)

610 P2d 297

Gerald R. Hayes, Portland, argued the cause and filed the brief for appellant.

Patrick G. Huycke, Medford, argued the cause for respondent. With him on the brief was Robertson, Hilts & Huycke, Medford.

Before Buttler, Presiding Judge, and Gillette & Roberts, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

The issue on this appeal is the validity of the default judgment entered against defendant after plaintiff served defendant by making substituted service on the Administrator of the Department of Motor Vehicles in this action for damages resulting from an automobile accident. We hold that the trial court did not have authority to grant plaintiff's motion for default, or the resulting judgment entered thereon, and that defendant's motion to set it aside should have been granted. We reverse and remand.

The facts and the procedural history of this case are not in dispute. In June, 1978, plaintiff filed his complaint alleging that in May, 1977, plaintiff and defendant had been involved in an automobile accident in Jackson County, which was caused by defendant's negligence. Pursuant to former ORS 15.190,[1] on September 12, 1978, plaintiff served the summons and complaint on defendant by serving the Administrator of the Motor Vehicles Division. The defendant did not appear.

On December 5, 1978, plaintiff moved for an order of default which the trial court granted on December 15, 1978, followed by a default judgment for the plaintiff entered the same date.

In April, 1979, the defendant moved to quash service and set aside the default judgment.[2] The trial court denied the motion.

---

[1] ORS 15.190 was repealed by Oregon Laws 1979, chapter 284, section 199, and replaced by Oregon Rules of Civil Procedure 7 (see note 5, *infra),* and all references thereto are to the former section.

[2] The title of defendant's motion indicates that the motion is intended both to quash service and to set aside the default judgment. However, the body of the motion only attacks the entry of the default judgment. The motion cites only ORS 15.190(7), and not ORS 15.190(2). The motion contests the sufficiency of the plaintiff's affidavit, and ORS 15.190 requires an affidavit only to show "due diligence" before the entry of a default judgment. The defendant has not contended the substituted service on the Administrator was invalid. Therefore, we consider only the defendant's motion to set aside the default judgment.

The defendant appeals, contending that the affidavit submitted in support of plaintiff's motion for a default judgment did not satisfy the requirements of ORS 15.190(7), which provides:

"(7) *No default shall be entered* against any defendant who has not either received or rejected the registered or certified letter containing the notice of such service and a copy of the summons or process, *unless the plaintiff can show that the defendant after due diligence cannot be found within or without the state and that fact appears by affidavit* to the satisfaction of the court or judge thereof or the judge described in subsection (3) of ORS 15.120. *Due diligence is satisfied when it appears from such affidavit that the defendant cannot be found residing at the address given by the defendant at the time of the accident, or residing at the most recent address furnished by the defendant to the Administrator of the Motor Vehicles Division,* if it appears from the affidavit that inquiry at such address or addresses was made within a reasonable time preceding the service of summons or process upon the Administrator of the Motor Vehicles Division. Where due diligence is proven to the court by such affidavit, the service upon the Administrator of the Motor Vehicles Division shall be sufficient valid personal service upon said resident, nonresident or foreign corporation, notwithstanding that he or it did not actually receive a notice of such service because of defendant's failure to notify the Administrator of the Motor Vehicles Division of a change of his or its address as required by subsection (2) of this section." (Emphasis added.)

The record does not show that the defendant either received or rejected the registered or certified letter which was sent to her along with the notice of substituted service and a copy of the summons and complaint. Therefore, in order to satisfy the provisions of ORS 15.190(7), the plaintiff in his affidavit had to show that "after due diligence" the defendant could not be found either within or without the state.

The dispute here arises from confusing the validity of the substituted service after the 1973 amendments

[4]

to ORS 15.190(2) (Oregon Laws 1973, ch 60, § 1) with the validity of the order of default, and the judgment thereon. Prior to the 1973 amendments, a court order was required before service on the Administrator of the Department of Motor Vehicles, and the statute required that the plaintiff show by affidavit, to the satisfaction of the court, that after "due diligence" defendant could not be found. The 1973 amendments to ORS 15.190(2) eliminated those requirements, thereby permitting substituted service on the Administrator without the intervention of the court. However, ORS 15.190(7), as amended in 1973, *supra,* safeguarded the defendant against a default based on substituted service by requiring a showing of "due diligence" by affidavit to the satisfaction of the court unless the defendant either received or rejected the letter containing the notice of substituted service, etc.

As a result of the 1973 amendments, service on the Administrator may be valid in the sense that if defendant receives or rejects the letter containing notice, etc., the court has jurisdiction over the person of the defendant even though no appearance is made, and a default may be entered for failure to appear within the time permitted. However, absent receipt or rejection of the notice by defendant, the Court does not have jurisdiction unless the statutory due diligence requirement is met.

Decisions prior to the 1973 amendments relating to substituted service, although not directly in point, are relevant in pointing out the requirements of "due diligence." The cases emphasize that "'a strict compliance with the statutory requirements is necessary,'" and that the affidavit "must contain 'positive averments of probative or evidentiary facts from which the judge issuing the order * * * can find that the due diligence required by the statute has been exercised.'" *Ter Har v. Backus,* 259 Or 478, 481-82, 487 P2d 660 (1971), quoting from *State ex rel Handly v. Hieber,* 256 Or 93, 94, 471 P2d 790 (1970), and *State ex rel Carroll v. Redding,* 245 Or 81, 84, 418 P2d 846

[5]

(1966). There is no reason to construe the statutory requirements less stringently in the context of ORS 15.190(7) as a prerequisite to the entry of a default.

Here, the plaintiff's affidavit in support of the Motion for Default does not satisfy the due diligence requirements for entry of a default pursuant to ORS 15.190(7). It recites that,[3] at the time of the accident, defendant gave an Ashland address as her residence; that before the plaintiff served the Administrator, the plaintiff obtained the defendant's most recent address from the Administrator, and attempted to find defendant at *that* address, which was a different Ashland address from the one given by defendant at the time of the accident. According to the affidavit, when plaintiff inquired at the address furnished by the Administrator it was learned that defendant no longer lived there.

The flaw in the affidavit is that it does not contain a "positive averment" that the plaintiff ever tried to find the defendant at the Ashland address which she gave at the time of the accident. ORS 15. 190(7) mandates that the plaintiff's affidavits establish due diligence by showing that the "defendant cannot be found residing at the address given by the defendant at the time of the accident, *or* residing at the most recent address

___

[3] That affidavit, in its entirety, states:

"I, Patrick G. Huycke, being duly sworn on oath depose and say:

"That service was made on the above entitled matter by service upon the Administrator of the Motor Vehicles Division pursuant to ORS 15.190. After due diligence, the Defendant cannot be found within or without the state. At the time of the motor vehicle accident, which is the subject of this Complaint, the Defendant gave as her address, 1470 Woodlawn Drive in Ashland, Oregon. Prior to serving the Administrator of the Motor Vehicles Division, Plaintiff's attorney made inquiry through the Motor Vehicles Division, 1905 Lana Avenue, N.E., Salem, Oregon 97314, and received a reply as shown in Exhibit 'A' attached hereto and by reference incorporated herein. Inquiry was made at the address shown on the reply from the Motor Vehicles Division. However, it was learned that Defendant no longer resides at the address shown on said reply, 172 Central, Ashland, Oregon.

"Further affiant saith not."

furnished by the defendant to the Administrator." (Emphasis added.) The clear import of this language is that if the plaintiff has two addresses for the defendant, one given at the time of the accident and one furnished by the Administrator, then the plaintiff must try to locate the defendant at both of those addresses.[4]

Because the affidavit does not state that the plaintiff attempted to locate the defendant at the address she gave at the time of the accident,[5] the trial court did

---

[4] This requirement is retained in ORCP 7, which provides in pertinent part:

"D.(4)  *Particular actions involving motor vehicles.*

"D.(4)(a)  *Actions arising out of use of roads, highways, and streets; service by mail.* In any action arising out of any accident, collision, or liability in which a motor vehicle may be involved while being operated upon the roads, highways, and streets of this state, any defendant who operated such motor vehicle, or caused such motor vehicle to be operated on the defendant's behalf, may be served with summons by mail, except a defendant which is a foreign corporation maintaining an attorney in fact within this state. *Service by mail shall be made by mailing to: (i) the address given by the defendant at the time of the accident or collision that is the subject of the action, and (ii) the most recent address furnished by the defendant to the Administrator of the Motor Vehicles Division,* and (iii) any other address of the defendant known to the plaintiff, which might result in actual notice.

"* * * * *

"D.(4)(c)  *Default.* No default shall be entered against any defendant served by mail under this subsection who has not either received or rejected the registered or certified letter containing the copy of the summons and complaint, *unless the plaintiff can show by affidavit that the defendant cannot be found residing at the address given by the defendant at the time of the accident or collision, or residing at the most recent address furnished by the defendant to the Administrator of the Motor Vehicles Division,* or residing at any other address actually known by the plaintiff to be defendant's residence address, if it appears from the affidavit that inquiry at such address or addresses was made within a reasonable time preceding the service of summons by mail." (Emphasis added.)

[5] A document, submitted by the plaintiff in opposition to the defendant's motion to set aside the default judgment, suggests that the plaintiff did both try and fail to locate the defendant at that address. However, this information is not in the affidavit filed in support of the motion for default. ORS 15.190(7) requires that the plaintiff establish "due diligence" in his affidavit. See *Kintigh v. Elliott,* 280 Or 265, n 3 at 271, 570 P2d 659 (1977).

[7]

not have authority to grant plaintiff's motion for default or to enter judgment for the plaintiff based upon the default. Defendant's motion should have been granted setting aside the judgment.[6]

Reversed and remanded.

[6] On appeal, the plaintiff argues that in moving to set aside the default judgment the defendant did not comply with the terms of ORS 18.160, which provides:

"The court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, decree, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."

That section is directed at relief from a valid judgment, etc.; the question here is whether the default judgment is valid. ORS 15.190(7) is unambiguous and emphatic. *"No default shall be entered"* unless the plaintiff establishes "due diligence." (Emphasis added.) The plaintiff in this case did not show due diligence. ORS 18.160 is inapplicable. It follows that the default must be set aside.