301 S.E.2d 837

**Barbara J. COOK, et al.**

v.

**F. Dale DUNCAN, et al.**

No. 15216.

Supreme Court of Appeals of
West Virginia.

March 30, 1983.

Thomas M. Steptoe, Jr., Charles Town, Clarence E. Martin, III, Martinsburg, for appellants.

Braun A. Hamstead, Charles Town, for appellees.

McGRAW, Chief Justice:

This case is an appeal from a decision of the Circuit Court of Jefferson County, rendered December 17, 1979, which rejected the appellants' attempt to set aside a tax deed issued to the appellees. The appellants are Barbara J. Cook and Frances B. Cook, the plaintiffs below. The appellees are F. Dale Duncan and his wife, Jeanette M. Duncan, defendants below. At trial, the plaintiffs sought to have the circuit court

set aside the deed issued to the appellees eighteen months after they purchased real property, then owned by the appellants, at a tax sale. Sitting without a jury, the trial court ruled in favor of the appellees, confirming their ownership of the property.

The events leading to this suit occurred during a five-year period. In January, 1973, appellant Barbara J. Cook paid $17,200 for three lots located in Harpers Ferry, West Virginia. The evidence does not show that Cook ever lived on the lots whose mailing address was Route 3, Harpers Ferry, West Virginia. The record is unclear concerning whether Cook maintained a mailbox at the lots to receive mail. The parties agree that Cook lived in Frederick, Md., during this five-year period.

In January, 1974, Barbara J. Cook paid property taxes due on the lots which had been assessed and taxed as a single entity. Cook paid subsequent property taxes in January, 1975, and November, 1975. Both the Jefferson County assessor's office and the county sheriff's office listed Cook's address as Route 3, Harpers Ferry. The record shows that tax notices were sent to Cook at the Harpers Ferry address, and that she paid the property taxes in person. Cook paid the taxes with checks which listed a Frederick, Maryland address for her.

Cook failed to pay property taxes due for the second half of the 1975 tax year. After the property had been listed as delinquent and notices published in the local newspaper, the sheriff sold the lots November 8, 1976, at a tax sale for $450 to appellee F. Dale Duncan. Thirteen months later, Duncan applied to the county clerk for a deed to the property. As required by W.Va. Code § 11A–3–23 (1974 Replacement Vol.), the county clerk sent Cook a "notice to redeem" at the Route 3, Harpers Ferry address. The notice was designed to in-

form Cook of her right to redeem the property by reimbursing the purchasers for their costs. The county clerk sent the notice by registered mail, and the postman attempted to deliver it February 10 and February 25, 1978. He was unsuccessful, and the letter was returned marked as "moved, left no address." The appellees then published a legal notice in the *Spirit of Jefferson Farmers Advocate,* a weekly newspaper published in Jefferson County. This notice appeared in the February 16, February 23, and March 2, 1978, issues of the newspaper.

The county clerk issued a tax deed May 26, 1978, to the appellees and filed it in the county land records. The deed listed Duncan and his wife Jeanette as the purchasers and grantees. The appellants instituted this suit November 22, 1978, as was their right under W.Va.Code §§ 11A–3–31, 32. Two weeks later, a deed dated September 16, 1976, conveying the property from Barbara J. Cook to her mother, Frances B. Cook, was filed in the Jefferson County clerk's office.[1]

Barbara J. Cook argues that the county clerk's attempt to provide her with notice of her right to redeem the property was insufficient.[2] Therefore, she is entitled under W.Va.Code § 11A–3–32 to have the tax deed set aside and ownership of the property restored to her upon payment of appellees' expenditures. The appellees contend that the county clerk complied with all statutory requirements concerning notice; therefore, the lower court correctly ruled in their favor.

I.

In *Don. S. Co., Inc. v. Roach,* 168 W.Va. 605, 285 S.E.2d 491 (1981), we explained the process by which property on which taxes have not been paid may be sold. We will

1. The appellants contend that the deed entitled Frances B. Cook to notice of the right to redeem the property. However, W.Va.Code § 11A–3–24(2) requires notice to be given any grantee of the delinquent property owner provided "a conveyance of such real estate is recorded or filed for record in the office of the clerk." In this case, Frances B. Cook has not fled the deed at the time when the appellees filed their tax deed application. Consequently, she was not entitled to notice.

2. The appellants also claim that the procedures used by the appellees in their application for a tax deed did not comply with W.Va.Code § 11A–3–20. They also contend that only enough property to satisfy the tax amount due should have been sold. In light of our holding concerning provision of notice of the right to redeem, we need not decide these issues.

not repeat that discussion.. In this case, appellants do not challenge the constitutionality of this process nor do they challenge the actual sale of the property to the appellees for back taxes. Appellants focus their attention on actions taken when the appellees applied for a deed to the property pursuant to W.Va.Code § 11A–3–20.[3]

Persons whose property is sold for delinquent taxes and title transferred via a tax deed may sue to set aside a deed within three years of the date of sale. W.Va.Code § 11A–3–32[4] permits such suits when persons entitled to notice of their right to redeem the property are not informed of that right or when notice is provided in a manner which does not comply with the statutory requirements contained in W.Va. Code § 11A–3–24. W.Va.Code § 11A–3–31 permits such suits when tax sale purchasers fail to comply with the statutory requirements contained in W.Va.Code § 11A–3–20.

The rule in this jurisdiction is that persons seeking to obtain complete title to property sold for taxes must comply literally with the statutory requirements. *Koontz v. Ball*, 96 W.Va. 117, 122 S.E. 461 (1924). We agree with the appellants that the appellees failed to comply with two requirements mandated by statute.

Barbara J. Cook argues that she was not provided notice of her right to redeem the property as required by W.Va.Code § 11A–3–24.[5] That statute requires the county clerk to notify all person eligible for notice that they may recover ownership of

3. W.Va.Code § 11A–3–20 requires a property purchaser to provide certain information to the county clerk as part of the deed application.

At any time after October thirty-first of the year following the sale, and on or before December thirty-first of the same year, the purchaser his heirs or assigns, in order to secure a deed for the real estate purchased, must: (1) Secure and file with the clerk of the county court the survey or report provided for in sections twenty-one and twenty-two [§§ 11A–3–21 and 11A–3–22] of this article; (2) examine the title in order to prepare a list of those to be served with notice to redeem and request the clerk to prepare and serve the notice as provided in sections twenty-three and twenty-four [§§ 11A–3–23 and 11A–3–24] of this article; and (3) deposit, or offer to deposit, with the clerk a sum sufficient to cover the cost of preparing and serving the notice. For failure to meet these requirements, the purchaser shall lose all the benefits of his purchase.

If the person requesting preparation and service of the notice is an assignee of the purchaser, he shall, at the time of the request, file with the clerk a written assignment to him of the purchaser's rights, executed, acknowledged and certified in the manner required to make a valid deed.

4. If any person entitled to be notified under the provisions of section twenty-four [§ 11A–3–24] of this article is not served with the notice as therein required, and does not have actual knowledge that such notice has been given to others in time to protect his interests by redeeming the property, he, his heirs and assigns, may, on or before October thirty-first of the third year following the sale, institute a civil action to set aside the deed. No deed shall be set aside under the provisions of this section until payment has been made or tendered to the purchaser, or his heirs or assigns, of the amount which would have been required for redemption, together with any taxes which have been paid on the property since delivery of the deed, with interest at the rate of twelve percent per annum.

5. As soon as the clerk has prepared the notice provided for in the preceding section [§ 11A–3–23], he shall cause it to be served upon the following persons: (1) The person in whose name the real estate was returned delinquent and sold, or, in case of his death, his heir or devisee and his personal representative, if such there be; (2) any grantee of such person, or his heir or devisee and his personal representative, if such there be, if a conveyance of such real estate is recorded or filed for record in the office of the clerk; (3) any person having a lien upon such real estate disclosed by any paper recorded in the clerk's office; and (4) any other person having such an interest in the property as would entitle him to redeem, if the existence of such interest appears of record.

The notice shall be personally served upon all such persons residing or found in the State in the manner provided for serving process commencing a suit, on or before the first day of February following the request for such notice. If any person entitled to notice is a nonresident of the State or if his residence is unknown to the clerk and cannot by due diligence be discovered, the notice shall be served by publication as a Class III–O legal advertisement in compliance with the provisions of article three [§ 59–3–1 et seq.], chapter fifty-nine of this Code, and the publication area for such publication shall be the county in which such real estate is located. If service by publication is necessary, publication shall be commenced within two weeks after Febru-

property. W.Va.Code § 11A–3–23 specifies the form of the notice and details what expenditures made by purchasers must be reimbursed by the redeeming property owner.[6]

█ In order to notify out-of-state residents or person whose addresses are unknown, W.Va.Code § 11A–3–24 requires the notice to redeem to be published once a week for three consecutive weeks in a newspaper published in the county in which the property is located.[7] The appellants argue that publication did not occur in a manner which satisfied the statute's requirements. W.Va.Code § 11A–3–24 specifies that publication "be commenced within two weeks after February first ...." Therefore, the county clerk had until February 15, 1978, to secure publication of the notice of the right to redeem. The commencement of publication did not occur until the county clerk actually secured the first publication of the notice in the *Spirit of Jefferson Farmers Advocate.* The notice was not published until February 16, 1978. The county clerk's efforts to secure publication do not constitute publication; therefore, the appellees failed to satisfy the statutory requirement of publication by February 15, 1978. Consequently, the appellants may maintain this action under W.Va.Code § 11A–3–32.

█ Second, W.Va.Code § 11A–3–20 requires a tax deed applicant to "secure and file with the clerk of the county [commission] the survey or report provided for in sections twenty-one and twenty-two [§§ 11A–3–21 and 11A–3–22] of this article ...." W.Va.Code § 11A–3–21, the relevant statute in this case, requires that an "individual purchaser at a tax sale ... must, at his ... expense, have the county surveyor or a competent surveyor or civil engineer make either a report or a survey of the real estate purchased." In this case, the appellees merely filed a copy of a plat of the subdivision in which the appellant's property was located. The appellees never filed the proper report or survey as required by W.Va.Code § 11A–3–20. Therefore, the appellants are entitled to set aside the tax deed under W.Va.Code § 11A–3–31.

## II.

The primary issue presented in this case is whether the efforts made by the county

---

ary first, and a copy of the notice shall at the same time be sent by registered mail, return receipt requested, to the last known address of the person served. The return of service of such notice and the affidavit of publication, if any, shall be in the manner provided for process generally and shall be filed and preserved by the clerk in his office, together with any return receipts for notices sent by registered mail.

6. Whenever the provisions of section twenty [§ 11A–3–20] of this article have been complied with, the clerk of the county court shall thereupon prepare a notice in the form or effect as follows:

To ..........

You will take notice that ......., the purchaser (or ........, the assignee, heir or devisee of ........, the purchaser) of the following real estate, ..........., (here describe the real estate sold) located in ............, (here name the city, town or village in which the real estate is situated or, if not within a city, town or village, give the district and a general description) which was returned delinquent in the name of ........, and was sold by the sheriff of ....... County at the sale for delinquent taxes made on the .... day of ........., 19..., has requested that you be notified that a deed for such real estate will be made to him on or after the first day of April 19 .., as provided by law, unless before the day you redeem such real estate. The amount you will have to pay to redeem on the last day, March thirty-first, will be as follows:

Amount paid sheriff at sale, with interest to March 31st ....... $ ...........

Amount of taxes paid on the property, since the sale, with interest to March 31st ....... $ ........

Amount paid for survey and report ...... $ ........

Amount paid for preparation of list of those to be served, and for preparation and service of the notice ....... $ ............

Total ....... $ ............

You may redeem at any time before March thirty-first by paying the above total less any unearned interest.

Given under my hand this ... day of ......., 19 ...

Clerk of the County Court of .......... County,
State of West Virginia

The clerk for his service in preparing the notice shall receive a fee of fifty cents for the original and twenty-five cents for each copy required.

7. *See* W.Va.Code § 59–3–1 *et seq.* (1982 Cum. Supp.).

clerk to notify the appellant of her right to redeem complied with the statutory procedures contained in W.Va.Code § 11A–3–24. The importance of notice in our system of jurisprudence is reflected in the continuing struggle to define what constitutes adequate notice. *See, e.g., Greene v. Lindsey,* 456 U.S. 444, 102 S.Ct. 1874, 72 L.Ed.2d 249 (1982); *State ex rel. Thomas v. Neal,* 171 W.Va. 412, 299 S.E.2d 23 (1983). Provision of notice of the right to redeem is essential in tax deed cases because it provides the delinquent taxpayer an opportunity to pay the tax obligation and retain title to property. Generally speaking, notice of impending legal action makes the recipient aware that some action will soon be taken which may affect his life, liberty or property, and is fundamental to due process.

W.Va.Code § 11A–3–24 classifies delinquent property owners into three categories for provision of notice of the right to redeem. The statute requires that state residents be personally served with the notice. Nonresidents and persons whose addresses are unknown are treated differently. The statute reads, in part, that "[i]f any person entitled to notice is a nonresident of the State or if his residence is unknown to the clerk and cannot by due diligence be discovered, the notice shall be served by publication ...." W.Va.Code § 11A–3–24 also requires that when notice is by publication, a copy of the notice must be sent by registered mail to the owner's last known address.

■ The appellees argue that Cook was a nonresident, and that the county clerk complied with all statutory requirements in providing her with notice of her right to redeem the property. The appellants contend that the statute requires the county clerk to use "due diligence" to determine the owner's residence *prior* to classification into one of the three categories, and that the county clerk failed to do so in this case. We agree that W.Va.Code § 11A–3–24 requires a county clerk to use "due diligence" to determine whether a property owner is an in- or out-of-state resident before notification of the right to redeem the property.

W.Va.Code § 11A–3–24 contemplates that notice of the right to redeem shall be of the same character as that required in providing service of process upon the commencement of a lawsuit. For example, the statute requires personal service of the notice of the right to redeem upon all in-state residents. Additionally, the West Virginia Rules of Civil Procedure require that "[s]ervice of all process shall be made with due diligence." W.Va.R.C.P. 4(c). The similarities also extend to use of publication to provide both notice of the right to redeem and constructive service of process. W.Va.Code § 11A–3–24 requires due diligence when publication is used, and the Rules of Civil Procedure authorize use of publication when "the plaintiff has used due diligence to ascertain the residence of the defendant, without effect ...." W.Va. R.C.P. 4(e)(1)(C).

"Due diligence" means the exercise of a reasonable effort to locate a person's residence so that notice of the right to redeem may be provided. *Cf. State ex rel. Knapp v. Sloper,* 256 Or. 299, 473 P.2d 140 (1970) (service of process).

Our reading of W.Va.Code § 11A–3–24 reveals several inconsistencies which enable a purchaser at a tax sale to minimize the chances that the delinquent owner will obtain notice of her right to redeem and will then redeem property which has been purchased for less than its value at a tax sale. The statute requires the county clerk to use "due diligence" to determine the residence of the property owner if such residence is "unknown." This requirement has been imposed so that the county clerk may determine, if possible, whether a property owner is a resident or nonresident for notice purposes. W.Va.Code § 11A–3–24 does not specify what information a county clerk must have before classifying a property owner as resident, nonresident, or of unknown residence. The facts in this case show why it is necessary for the county clerk to use "due diligence" in determining a property owner's residence in order to avoid abuse of the system of tax sales.

■ When a tax sale purchaser applies for a deed to property, he must identify

those persons eligible for notice and submit that information to the county clerk. W.Va.Code § 11A–3–20. In this case, the appellees listed Cook as a nonresident, but failed to provide a specific address or information which indicated why they believed Cook's residence to be outside West Virginia. Assuming that the appellees made the nonresidency representation in good faith, they must have had some basis on which to conclude that Cook lived outside West Virginia. However, the county clerk failed to inquire about the basis of the appellees' assertion.

When the county clerk received the appellees' deed application, he checked the land and tax records in the county assessor's and sheriff's offices. Those records indicated that the only address on file for Cook was the address of the property which had been sold to the appellees at the tax sale. However, Cook had twice paid her taxes with checks which listed her Frederick, Md. address. Indeed, one of these checks had been returned for insufficient funds. Presumably, the Sheriff's Office and Cook had to communicate in order for her to make the check good. Finally, the record shows that the deed obtained by Cook identified her lawyer yet no effort was made to contact him to learn Cook's whereabouts.

When the county clerk was confronted with the conflicting evidence of residency contained in the tax deed application and the local records, he had a duty to make a threshold determination of Cook's residency. This determination must be more than merely accepting the deed applicant's conclusion that Cook was living out of this state. *Cf. Kintigh v. Elliott,* 280 Or. 265, 570 P.2d 659 (1977); *Llamas v. Superior Court,* 13 Ariz.App. 100, 474 P.2d 459 (1970).

Application of these rules to this case demonstrates its workability. Once the county clerk was confronted with conflicting evidence regarding Cook's residency, he should have diligently sought to determine her actual residence. This may have revealed Cook's Frederick, Md., address. In such an event, publication by notice would have occurred just as it did in the actual case. The crucial difference is that the letter informing the appellant of her right to redeem would have been sent to Frederick, Md., rather than to an address which everyone knew was where Cook did not live. Sending the notice to the Maryland address would have been most likely to apprise the appellant of her right to redeem.

Our interpretation of the county clerk's duty in this regard necessarily defeats the appellees' argument that "due diligence" is required only when a person's residence is unknown. As a threshold matter, the county clerk must use "due diligence" to determine whether the delinquent property owner is a resident or non-resident of West Virginia. If the owner is a resident, then notice of the right to redeem must be provided by personal service. If the county clerk determines the property owner's residence to be out of state, then service must be by publication and by letter sent to the owner's specific address discovered during the clerk's investigation. If after use of "due diligence" the county clerk is unable to determine the owner's residence, service by publication and a letter sent to the owner's last known address is permissible. The county clerk's efforts should be guided by the idea that proper notice of the right to redeem to the property owner is a necessary prerequisite to transfer of title to real property.

Our ruling in no way is a defense to the appellant's admitted failure to pay property taxes. We do not condone such action. The appellant knew she owed taxes and had paid them in the past. Her actions, however, do not reduce the necessity of providing adequate notice of her right to redeem. Without the notice required by law, sale of property for taxes is fatally flawed; therefore, all efforts must be directed toward locating the specific residence of delinquent property owners so that they may be notified of pending property transfers.

In conclusion, the appellant, Barbara J. Cook, is entitled to set aside the tax deed issued appellees for the reasons that: (1)

the county clerk failed to "commence publication" of the notice to redeem within the statutory period; (2) the appellees failed to file a "report or survey" by a competent engineer or surveyor; and (3) the county clerk failed to exercise "due diligence" to determine Cook's residence in order for her to be notified of the right to redeem the property.

For the foregoing reasons, Cook is entitled to ownership of the property provided she reimburses the appellees for their costs as specified in W.Va.Code §§ 11A–3–31, 32.

Reversed and Remanded.