**FILED**

**June 13, 2023**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

Jay Folse,
Petitioner Below, Petitioner

vs.)  No. 22-0130 (Ohio County 21-C-149)

G. Russell Rollyson, Jr. and John
B. McCuskey,
Respondents Below, Respondents

## MEMORANDUM DECISION

Petitioner Jay Folse appeals the Circuit Court of Ohio County's January 19, 2022, order granting Respondents' G. Russell Rollyson Jr. and John B. McCuskey's[1] motion to dismiss petitioner's petition to compel issuance of deeds.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

On November 16, 2020, petitioner purchased a tax lien and identified Tracey Cummings as the owner of that property. Unsuccessful attempts at personal service were made, and a notice of right to redeem was posted at the address provided by petitioner. In August 2021, Respondent McCuskey directed petitioner to provide a correct address to effectuate proper service of the notice of right to redeem, informing petitioner that the Auditor's office "cannot grant a deed with the knowledge that notice failed and no additional efforts were taken." However, no substitute address was provided.

On March 9, 2021, petitioner purchased four tax liens. He identified Citi Financial, Inc., as the owner of the first such property. Two unsuccessful attempts at personal service were made to an address provided by petitioner, and a notice of right to redeem was posted at the address but the

---

[1] At all times relevant to this proceeding, Respondent John B. "JB" McCuskey, was the West Virginia State Auditor ("Auditor") and Commissioner for Delinquent and Nonentered Lands for the State of West Virginia, and Respondent G. Russell Rollyson, Jr., was the Senior Deputy State Auditor.

[2] Petitioner is represented by counsel Robert W. Bright, and respondents are represented by counsel David P. Cook Jr.

1

process server stated that the location was a "two-story home . . . [that] looks residential not commercial." Respondent Rollyson informed petitioner that personal service was not successful, that a new address was needed for Citi Financial, Inc., and that petitioner's credit card would be refunded. Petitioner did not provide a new address.[3]

For the second tax lien petitioner purchased on that date, he identified Kenneth Burch as the owner entitled to notice. Petitioner directed the Auditor to serve, via certified mail only, "City of Wheeling" and "State of West Virginia," both at Wheeling, West Virginia, addresses. An unsuccessful attempt at personal service was made, but according to the affidavit, the process server was informed by the current resident at that address that Mr. Burch does not live at the address petitioner provided. Therefore, the Auditor directed petitioner to provide a substitute address to effectuate service of the notice of the right to redeem, but petitioner failed to do so.

Petitioner identified Anna Calcagno as the owner of the third tax lien petitioner purchased on March 9, 2021. As petitioner requested, the Auditor attempted to serve Ms. Calcagno via certified mail only. However, the circuit court noted that the tracking number showed that the notice of right to redeem had not been delivered. On July 8, 2021, the Auditor requested that petitioner provide the correct address and an additional $42.86, which represents the funds required to prepare and serve the notice to redeem by personal process service. Petitioner did not provide the requested funds.

The final tax lien at issue in this case was also purchased on March 9, 2021, and petitioner identified Kathryn Galloway as the owner. The certified mail sent to Ms. Galloway, at an address provided by petitioner, was returned to the sender, indicating it was "Not Deliverable As Addressed, Unable to Forward." On July 8, 2021, the Auditor notified petitioner and requested a substitute address. In response, petitioner requested that the Auditor personally serve Ms. Galloway at the same address previously provided through a process server. An unsuccessful

---

[3] While petitioner presented additional documents to this Court that touched on Citi Financial, Inc.'s address at various times, he admits that he did not present those documents to the circuit court. This Court has long held that an appellate

> court cannot hear evidence other than that brought up for review, except in the exercise of original jurisdiction. . . . [This] means that [an appellate court] shall deal only with evidence taken below and brought up for the purpose of a review of an order or decree made upon it below. It means that in using our appellate powers we shall consider no other evidence[.]

*Maxwell v. Maxwell*, 67 W. Va. 119, 123, 67 S.E. 379, 381 (1910). "Accordingly, it is the parties' duty to make sure that evidence relevant to a judicial determination be placed in the record before the lower [tribunal] so that [it] may properly [be] consider[ed] . . . on appeal." *W. Va. Dep't. of Health and Human Res. ex rel. Wright v. Doris S.*, 197 W. Va. 489, 494 n.6, 475 S.E.2d 865, 870 n.6 (1996); *see also Pearson v. Pearson*, 200 W. Va. 139, 145 n.4, 488 S.E.2d 414, 420 n.4 (1997) ("This Court will not consider evidence which was not in the record before the circuit court."); *Powderidge Unit Owners Assoc. v. Highland Props., Ltd.*, 196 W. Va. 692, 700, 474 S.E.2d 872, 880 (1996). Thus, we will not consider these documents in this appeal.

attempt at personal service was made on August 5, 2021. The process server noted that Ms. Galloway does not reside at that address. The Auditor then sent correspondence to petitioner requesting a substitute address for service for Ms. Galloway, but petitioner failed to provide such address.

On September 13, 2021, petitioner filed a petition in the Circuit Court of Ohio County seeking to compel the Auditor to issue the tax deeds for four of the properties and to issue a notice of right to redeem for Ms. Calcagno's property. On October 7, 2021, the Auditor filed a motion to dismiss petitioner's petition. By order entered on January 19, 2022, the circuit court dismissed petitioner's petition, finding that petitioner failed to state a claim upon which relief can be granted. Upon consideration of the facts related to each of the five tax lien purchases, the circuit court concluded that the Auditor was justified in not issuing the respective deeds. It also found, based on the factual record and controlling law, that there was no evidence that either respondent refused to perform any statutory duty required by them. The circuit court found that the dismissal of the petition was both factually and legally appropriate, and it dismissed each of petitioner's claims with prejudice. Petitioner appeals from that January 19, 2022, order.

"'Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*.' Syllabus Point 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995)." Syl. Pt. 1, *Jones v. Logan Cnty. Bd. of Educ.*, 247 W. Va. 463, 881 S.E.2d 374 (2022). The crux of petitioner's argument is that the circuit court incorrectly required "actual notice" when only reasonably diligent efforts to notify the property owners was required. West Virginia Code § 11A-3-52 (2020) provides, in relevant part:

> (a) Within 45 days following the approval of the sale by the auditor pursuant to § 11A-3-51 of this code, the purchaser, his or her heirs or assigns, in order to secure a deed for the real estate purchased, shall:
> (1) Prepare a list of those to be served with notice to redeem and request the deputy commissioner to prepare and serve the notice as provided in § 11A-3-54[4] and § 11A-3-55[5] of this code;
> (2) When the real property subject to the tax lien was classified as Class II property, provide the deputy commissioner with the actual mailing address of the property that is subject to the tax lien or liens purchased; and
> (3) Deposit, or offer to deposit, with the deputy commissioner a sum sufficient to cover the costs of preparing and serving the notice.
> (b) If the purchaser fails to fulfill the requirements set forth in subsection (a) of this section, the purchaser shall lose all the benefits of his or her purchase.

---

[4] West Virginia Code § 11A-3-54 (2022), details the notice to be prepared by the Auditor "[w]henever the provisions of § 11-3A-52 have been complied with . . . ."

[5] West Virginia Code § 11A-3-55 (2022), relates to service of the notice to be prepared by the Auditor pursuant to § 11A-3-54. With the exception of service upon Ms. Calcagno, for which petitioner failed to submit payment for personal service as the Auditor requested, petitioner does not argue that respondents failed to fulfill a duty imposed by § 11A-3-55.

3

As this Court has held,

> [t]here are certain constitutional due process requirements for notice of a tax sale of real property. Where a party having an interest in the property can reasonably be identified from public records or otherwise, due process requires that such party be provided notice by mail or other means as certain to ensure actual notice.

Syl. Pt. 1, *Lilly v. Duke*, 180 W. Va. 228, 376 S.E.2d 122 (1988). Further,

> the decisions of this Court have made clear that "the right of a landowner to have the statutory procedures complied with before he is deprived of his land is fundamental[.]" [*State ex rel.*] *Morgan* [*v. Miller*], 177 W. Va. [97,] 106, 350 S.E.2d [724,] 734 [(1986)]. *See also* Syl. pt. 1, *Cook v. Duncan*, 171 W. Va. 747, 301 S.E.2d 837 (1983) ("Persons seeking to obtain complete title to property sold for taxes must comply literally with the statutory requirements.").

*Archuleta v. US Liens, LLC*, 240 W. Va. 519, 525, 813 S.E.2d 761, 767 (2018).[6]

As the circuit court found, the attempted in-person service and service by certified mail were unsuccessful. Despite Respondents' requests, petitioner failed to provide any other address for the individuals and businesses petitioner identified as the owners of the five properties, and he failed to provide the additional requested funds required to prepare and serve the notice to redeem by personal process service. Further, because the argument section of petitioner's brief contains only one citation to the record, which was a quote from respondents' counsel in an unrelated case, petitioner fails to point this Court to documents that support his arguments on appeal in violation of Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure.[7] Therefore, petitioner has failed to show that he complied literally with the requirements of § 11A-3-52, which is necessary

---

[6] We recently addressed a similar case involving petitioner and Respondent Rollyson wherein petitioner admitted that he failed to provide a complete list of those entitled to notice to redeem. We affirmed the circuit court's dismissal of petitioner's petition to compel Respondent Rollyson to issue a notice to redeem and allow petitioner's purchase of property due to his failure to comply literally with the requirements of West Virginia Code § 11A-3-52. *Folse v. Rollyson*, No. 21-0340, 2022 WL 293986 (W. Va. Feb. 1, 2022) (memorandum decision).

[7] Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires, in relevant part, that briefs must contain "an argument clearly exhibiting the points of fact and law presented, . . . [and] appropriate and specific citations to the record on appeal[.] The Intermediate Court and the Supreme Court may disregard errors that are not adequately supported by specific references to the record on appeal."

4

to trigger a duty on the part of respondents.[8] For these reasons, we cannot find that the circuit court erred by granting respondents' motion to dismiss.

Petitioner further contends that the circuit court erred by not ordering respondent to issue the notice to redeem for Ms. Calcagno's property. In his one-paragraph argument on this issue, he asserts there was a factual dispute regarding whether the notice of right to redeem was "actually mailed out to the owner" so the factual dispute should not have been decided on a motion to dismiss. However, petitioner fails to cite to the record in support of his contentions, which is particularly important when addressing what he argues is a factual dispute. Due to his continued failure to comply with Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, it remains unclear to this Court whether the record contains factual support for petitioner's argument. We, therefore, decline to address the merits of this argument.

Finally, petitioner argues that the circuit court erred by "not evaluating [his] amended petitions" and by not granting petitioner leave to file those amended petitions. Again without citing to the record, petitioner asserts that the first motion for leave to file an amended petition was not granted by the circuit court while the second was "never even considered" by it. The record includes a January 20, 2022, circuit court order denying petitioner's motion for leave to file an amended petition, finding that because the circuit court had decided to grant respondents' motion to dismiss, the motion to amend was moot. As we recently reiterated,

> [a] trial court is vested with a sound discretion in granting or refusing leave to amend pleadings in civil actions. Leave to amend should be freely given when justice so requires, but the action of a trial court in refusing to grant leave to amend a pleading will not be regarded as reversible error in the absence of a showing of an abuse of the trial court's discretion in ruling upon a motion for leave to amend.

*Donahue v. Mammoth Restoration & Cleaning*, 246 W. Va. 398, 404, 874 S.E.2d 1, 7 (2022) (quoting Syl. Pt. 6, *Perdue v. S.J. Groves & Sons Co.*, 152 W. Va. 222, 161 S.E.2d 250 (1968)). Based on the record before us, we find that the circuit court did not abuse its discretion in refusing to allow petitioner to amend, as that request was moot. For the reasons set forth herein, we affirm the circuit court's January 19, 2022, order granting respondents' motion to dismiss petitioner's petition.

Affirmed.

---

[8] Because we find that petitioner failed to comply with a statutory requirement that would trigger a duty on the part of respondents, we need not address petitioner's contentions that he was entitled to damages, fees, and costs. *See* W. Va. Code § 11A-3-67 ("If any officer mentioned in this article shall refuse to perform any duty required of him, he shall forfeit not less than twenty-five nor more than one hundred dollars for each such failure or refusal . . . ."); *see also* Syl. Pt. 6, *W. Va. Dep't of Transp., Div. of Highways v. Parkersburg Inn, Inc.*, 222 W. Va. 688, 671 S.E.2d 693 (2008) ("When a plaintiff does not prevail as to liability, any errors he claims as to the issue of damages are harmless because, without a verdict on the liability issue, the plaintiff is not entitled to any damages.").

**ISSUED:**  June 13, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn